# ELISHA C. WARE
## v.
# THOMAS M. JORDAN.

*Action on Note—Consideration—Gambling Transactions on Board of Trade—Evidence.*

In an action on a promissory note, the defense being that the note was given in settlement of losses in certain gambling transactions on the board of trade, it is *held:* That it does not appear that the transactions in question were gambling transactions; and that from the mere fact that such transactions were closed before maturity, an account of losses being rendered on the basis of differences in price, it should not be inferred that such was the intention of the parties *ab initio*, and that there was an understanding that there should be no delivery of the commodity sold.

[Opinion filed March 28, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. BARKER, CLIFFORD, THORNTON & SMITH, for appellant.

Messrs. PAYNE & PORTER and JOHN V. A. WEAVER, for appellee.

BAILEY, J. This was an action of *assumpsit*, brought by Thomas M. Jordan against Elisha C. Ware, to recover the amount of a promissory note for $250, executed by the defendant to the plaintiff, dated December 16, 1879, and payable on

or before October, 1880, with eight per cent. interest. The defense interposed was that said note was given in settlement of losses in certain gambling transactions on the Board of Trade of Chicago. The trial resulted in a verdict and judgment in favor of the plaintiff for $398.33.

The transactions out of which said promissory note grew took place in the latter part of the year 1876. The plaintiff was a commission merchant, doing business on said board, and was employed by the defendant to purchase for him 20,000 bushels of wheat for future delivery. This purchase was made and resulted in a profit of $1,500, which was paid over by the plaintiff to the defendant. Shortly afterward, the defendant directed the plaintiff to sell for him, on said board, at two different times, 20,000 bushels of wheat, which commissions were duly executed, the defendant depositing with the plaintiff certain sums of money as margins, but the price of wheat suddenly advancing to a point much above that at which the defendant's wheat was sold, and the defendant failing, on plaintiff's demand, to furnish corresponding margins, the plaintiff closed out said transactions at a loss to the defendant, over and above the amount of his margins, of between $1,500 and $1,600. The plaintiff rendered to the defendant an account of said losses, and frequently importuned him to pay the same, but the defendant claimed to be unable to do so for want of means, and the matter ran along until December 16, 1879, at which date the defendant gave and the plaintiff accepted the note in question in compromise and settlement of the account.

It is not claimed by the defendant that there was any agreement or any express understanding between him and the plaintiff, at the time said sales were made, that there should be no delivery of the grain sold, or that settlement should be made on the basis of the difference in price, the defendant himself testifying that nothing was said between him and the plaintiff on that subject, and the plaintiff testifying that said transactions were *bona fide* sales of grain for future delivery. It is insisted, however, that from the mere fact that the transactions were closed out before maturity, and an account of the

losses rendered upon the basis of differences in price, it should be inferred that such was the intention and expectation of the parties *ab initio*, and that there was an understanding that the commodities sold should not be delivered, and that settlements should be made on the basis of the differences of price. Such conclusion does not follow from the premises, especially as the transactions were closed out for want of margins. We see no ground for holding that the transactions out of which the indebtedness in question arose were gambling transactions, especially since the jury, whose prerogative it was to weigh and construe the evidence, has decided the other way.

Some other questions are raised upon the rulings of the court in the admission and exclusion of evidence and in the instructions to the jury, which we have duly considered, but we do not deem it necessary to do more than to say that we find no material error in the rulings of the court in those respects.

As we find no error in the record, the judgment will be affirmed.

*Judgment affirmed.*