## A. C. Barnett v. T. M. Baxter.

1. GAMBLING—*Options in Grain.*—A sale of grain to be delivered in the future is valid; as is also a sale in which the buyer has the option to call for the grain at any time within a month. The options prohibited are mere options to buy, by which the purchaser is under no obliga-

tion to take the commodity at all, but may pay the difference in price, and thus be discharged.

2. SAME—*Burden of Proof.*—The burden of showing that a transaction is a gambling one is upon the party asserting it, and should be made out by testimony in chief.

3. OPTIONS—*When Valid.*—Transactions of purchase and sale of grain for future delivery are valid, and the fact that a seller has the option to deliver any time during the month for which sale is made, does not render them illegal.

**Assumpsit,** on dishonored check. Error to Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

STIRLEN & KING, attorneys for plaintiff in error.

D. M. KIRTON, attorney for defendant in error.

Transactions of purchase and sale of grain for future delivery are valid, and the fact that seller has the option to deliver any time during the month for which sale is made does not vitiate. Authorities: Benson v. Morgan, 26 App. 22; McCormack v. Nichols, 19 App. 334; King v. Luckey, 21 App. 132; Pixley v. Boynton, 79 Ill. 351; Powell v. McCord, 121 Ill. 330; Cole v. Milmine, 58 Ill. 349; Wolcott v. Heath, 78 Ill. 433; Logan v. Musick, 81 Ill. 419; Webster v. Sturges, 7 App. 560; Ware v. Jordan, 25 App. 534; Corbett v. Underwood, 83 Ill. 324.

The options which are obnoxious, and which are intended to be condemned by the statute, are "puts" and "calls." Pearce v. Foote, 113 Ill. 228; citing Pixley v. Boynton, 79 Ill. 351.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Plaintiff in error contends that he gave his check for losses he had sustained in gambling on the Board of Trade in Chicago, and that consequently he ought not now to be compelled to make good the dishonored check.

Plaintiff in error, upon the trial, introduced evidence to sustain his contention, with the result that the jury found against him.

A sale of grain to be delivered in the future is valid; as is also a sale in which the buyer has the option to call for the grain at any time within a month. The options prohibited are mere options to buy; that is, an option under which the purchaser is under no obligation to take the commodity at all, but may pay the difference in price, and thus be discharged.

The defendant below failed to show that the transactions for losses upon which the check was given, were gambling. They were not puts, calls, or mere options to buy.

The burden of proof to show that the dealings were gambling, was upon the defendant below.

Transactions of purchase and sale of grain for future delivery are valid, and the fact that seller has the option to deliver any time during the month for which sale is made, does not render them illegal. McCormack v. Nichols, 19 Ill. App. 334; King v. Luckey, 21 Ill. App. 132; Pixley v. Boynton, 79 Ill. 351; Powell v. McCord, 121 Ill. 330; Ware v. Jordan, 25 Ill. App. 534; Corbett v. Underwood, 83 Ill. 324; Fox v. Steever, 55 Ill. 255.

The burden of proof that the check was given for an illegal consideration being upon the defendant below, he should have made out his case by testimony in chief, and can not complain that the court refused to permit him by cross-examination of the witnesses of the plaintiff below, to make out his case.

The witness Danforth, whom plaintiff in error sought to cross-examine as to the consideration of the check, gave in chief no testimony as to the consideration of the check; if plaintiff in error wished to examine Danforth as to the matters and things out of which the check grew, concerning which Danforth had given no testimony, plaintiff in error should, when he came to his defense, have called Danforth.

Nor was it a sufficient proof of illegality that a witness testified that the grain might have been bought at the end of an option. The question was not what might have been, but what was.

Barnett v. Baxter.

Plaintiff in error urges that the instructions given for the plaintiff below were improper. They were unnecessary, as the letter of the defendant below and the check with proof of its dishonor, made a complete case. The omission from the first instruction, that the right to close out defendant's transactions depended upon his not having, after notice, deposited further margins as a security, was immaterial, because it is undisputed that the defendant did not put up the necessary margins; the check he gave was not good.

The instructions must be considered as a whole, and as a whole the jury were fully instructed as to what, under the circumstances, would create a valid debt; no question of law was left to them.

The testimony of plaintiff in error as to his understanding of what he was doing, was not sufficient to establish the nature of the dealings.

Plaintiff in error asked that, *mutatis mutandis*, an instruction approved in Watt v. Costello, 40 Ill. App. 307–309, be given. The court gave only the following portion thereof:

" If the jury believe from the evidence that the purchase and sales of grain involved in this suit, were intended by both Barnett and the firm of Baxter & Co., or the agent of Baxter & Co., who transacted the business, to be made as a means of gambling on the fluctuation in the market price of such grain, and that no delivery or acceptance of grain was intended, plaintiffs are not entitled to recover for any alleged losses, commissions or margins, or upon any check given therefor."

The instruction as given was sufficient to present fully and forcibly the law applicable to the contention of the defendant below. We see no sufficient reason for reversing the finding of the jury upon the facts.

The jury was fairly instructed, and the judgment of the Circuit Court is affirmed.