# Canute R. Matson *et al.*

## *v.*

# Winfield N. Alley.

*Filed at Ottawa May 12, 1892.*

1. Private corporation—*promissory notes, how executed.* Promissory notes of a private corporation may be executed by its president and secretary, when it is done in good faith, to secure indebtedness of the corporation lawfully incurred in the course of its business.

2. Assignment—*assignee before maturity—how far protected against defenses of maker.* The indorsee or assignee of commercial paper who takes before maturity for a valuable consideration, without knowledge of any defense, and in good faith, will be protected against the defenses of the maker. Suspicion of defect of title, or the knowledge of circumstances calculated to excite suspicion in the mind of a prudent man, or gross negligence on the part of the assignee at the time of the transfer, will not defeat his title. That result can only be produced by bad faith on his part. The burden of proof is on the person assailing his rights.

3. Same—*assignee after maturity from innocent assignee before maturity.* Where a promissory note is assigned, before maturity, to an innocent holder, and he assigns the same after its maturity, the second assignee will take the place of the first assignee, and succeed to all his rights to enforce collection, and no defense can be urged against the note in his hands not admissible against the first assignee.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. JESSE HOLDOM, for the appellants :

There was no authority given by the board of directors to give judgment notes of the corporation, therefore these notes were unauthorized, and void. *Adams* v. *Cross*, 27 Ill. App. 313; *Electric Light Co.* v. *Ingalls*, 23 id. 45.

A person taking a note overdue, takes it subject to all equitable defenses. *Central Bank* v. *Hammett*, 50 N. Y. 159; *Williams* v. *Matthews*, 3 Cow. 255; *Ayer* v. *Hutchins*, 4 Mass. 370; *O'Calligan* v. *Sawyer*, 5 Johns. 118; Edwards on Notes and Bills, 378-380.

Mr. RANDALL W. BURNS, and Messrs. RICH & STONE, for the appellee :

An indorsee after maturity takes all the rights of his indorser. If his indorser was a *bona fide* purchaser for value before maturity, his rights pass to his indorsee. The appellee having purchased notes for a valuable consideration from Bliss, who was a *bona fide* holder of the notes purchased by him from the payee of the notes before maturity, and without notice of any defense, has all the rights which Bliss would have if he were the claimant. Bliss being such *bona fide* holder by purchase before maturity, no set-off or other defense in favor of the maker, as against the payee, could be interposed. Randolph on Com. Paper, sec. 672.

A defense to the note having been cut off by its transfer to an innocent holder, will not be revived by a subsequent assignment to a person with notice of such defense. *Reilly* v. *Shawacker*, 50 Ind. 592; *Woodworth* v. *Huntoon*, 40 Ill. 131; *Roberts* v. *Lane*, 64 Me. 108; *Hascall* v. *Whitmore*, 16 id. 102; *Smith* v. *Hiscock*, 14 id. 449; *Woodman* v. *Churchill*, 52 id. 58; *Peabody* v. *Ress*, 18 Iowa, 571; *Latham* v. *Smith*, 45 Ill. 25;

*Comstock* v. *Hannah,* 76 id. 531; Edwards on Notes and Bills, sec. 449.

Bliss receiving these notes as a *bona fide* holder for value before maturity, and without notice of any defense, and they being fair and regular on their face, had the right to assume "that the notes had been authorized by vote of the board of directors, and that the president and secretary, who had executed them, would be presumed to have the authority to execute the notes that they appeared to have." *White* v. *Insurance Co.* 106 Ill. 67; *Smith* v. *Smith,* 62 id. 493.

Mr. Justice Scholfield delivered the opinion of the Court:

The controversy here is, whether certain promissory notes, purporting to be executed by the Superior Nickel Works, a corporation, to Louis Ellickson, and by him assigned, before maturity, to A. T. Bliss, and by Bliss assigned, after maturity, to Winfield N. Alley, are legal charges against the assets of the corporation in the hands of its receiver. The lower courts adjudged that they were, and decreed their payment by the receiver. Appellants contend that they are not, because the president and secretary of the corporation, who assumed to execute the notes, had no authority to thereby bind the corporation, and because, also, they were executed without any valid consideration, and Alley being an assignee after maturity, took the notes subject to these defenses.

The notes purport to contain, each, a power of attorney to confess judgment for the amount due thereon, but since there is no attempt to do any act under and by virtue of these powers, it is unnecessary to consider that feature of the notes.

It is not denied that notes may be executed lawfully by the president and secretary of a corporation, when they are executed in good faith, to secure indebtedness of the corporation lawfully incurred in the course of its business, and we are therefore under no necessity to cite authorities to show that this is the law; and although Alley is an assignee after ma-

turity, his assignor, Bliss, was an assignee before maturity,. and Alley is entitled to stand in the place of Bliss, and no defense can be urged by the corporation, as against Alley, which it could not have urged against Bliss had he remained the owner of the notes and sought to enforce their collection. (*Woodworth* v. *Huntoon,* 40 Ill. 131. See, also, Randolph on Commercial Paper, sec. 673, and authorities cited in note.) It only remains, then, to determine whether the defenses here urged would be good as against the rights of Bliss, were he, instead of Alley, attempting to enforce payment of these notes. in this proceeding.

In *Comstock et al.* v. *Hannah,* 76 Ill. 531, we cited with: approval the following: "The party who takes it (commercial paper) before due, for a valuable consideration, without knowl-- edge of any defects of title, and in good faith, holds it by a title valid against the world. Suspicion of defect of title, or· the knowledge of circumstances which would excite such sus-· picion in the mind of a prudent man, or gross negligence on the part of the taker, at the time of the transfer, will not de-- feat his title,—that result can only be produced by bad faith. on his part. The burden of proof lies on the person who· ·assails the right claimed by the party in possession." We followed this ruling in *Shreeves* v. *Allen,* 79 Ill. 553, and *Murray* v. *Beckwith,* 81 id. 43.

The evidence here fails to show bad faith in Bliss in obtaining the assignment of these notes, but expressly proves. the contrary. The utmost that can be said in that respect is, that he might, by inquiry, have ascertained the consideration for which the notes were given. But this only proves that in failing to make such inquiry he was negligent, and, under what is quoted *supra,* is insufficient to affect him with notice. The only evidence upon the question is the testimony of Bliss, himself. He testified that he received the notes from Ellickson "two or three days or a week" after their execution, in payment for indebtedness by Ellickson to himself, for profes-

sional services as an attorney-at-law; that he did not know that the notes were in existence until Ellickson gave them to him, and that he subsequently gave the notes to Alley in payment of a debt which he owed Alley. He admits that he had been acting for the corporation and Ellickson as their attorney-at-law since the beginning of this suit, and that he did some work for them in that capacity before that time. There is not a particle of evidence in the abstract that he had actual knowledge of the consideration of these notes, or of the circumstances under which they were executed, at the time that they were assigned to him, and we can not infer that he had such knowledge merely because he may have had an opportunity, by the exercise of diligence, to have obtained it.

We find no error in the judgment of the Appellate Court. It is therefore affirmed.

*Judgment affirmed.*