## Henry V. Bemis v. Robert J. Horner et al.

1. PROMISSORY NOTES—*Indorsee Before Maturity.*—An indorsee of a promissory note before its maturity, taking it as payment or security for a pre-existing debt, is deemed a holder for a valuable consideration in the ordinary course of trade, and holds it free from latent defenses on the part of the maker.

2. SAME—*Notice of Latent Defenses—Burden of Proof.*—The burden of showing that an indorsee of a promissory note, for value and before maturity, had notice of latent defenses, is upon the maker.

Assumpsit, on a promissory note. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

### STATEMENT OF THE CASE.

This action was upon a promissory note, made by appellant, payable to the order of James Miller, four months after date.

Appellees are furniture dealers, with their place of business in New York City. Some time before the giving of the note by appellant to James W. Miller, they had, in the

usual course of business, sold a large quantity of furniture to one Eugene de Mitkiewicz, with whom said Miller was associated in business. Mitkiewicz had given appellees his notes in payment of the furniture so bought by him, and, at the time the note was given by appellant to Miller, Mitkie-wicz had defaulted in the payment of those notes and appellees were urging him to pay them.

About the 8th or 9th of June, 1891, Mitkiewicz and Miller called on Mr. Horner, at his place of business in New York City; Miller said he had just come from Chicago, and that they had induced Mr. Bemis to go into their Chinese scheme, and that Bemis had given him his note for $5,000, which he requested Horner to cash.

Miller proposed that if appellees would cash the note, he would allow some of it to be applied on the Mitkiewicz furniture account, which was owing the firm. Mr. Horner then got a report from Bradstreet's as to Mr. Bemis' pecuniary responsibility and finding he was financially responsible, telegraphed to Mr. Bemis on June 9, 1891, as follows:

" H. V. BEMIS, Hotel Richelieu, Chicago:

Is note dated June 2d, for $5,000, given Miller, all right? Answer.

R. J. HORNER & Co.,

61 W. 23d St., New York."

In reply to that telegram he received a telegram from Mr. Bemis the next day as follows:

" June 10, '91.

R. J. HORNER & Co., 61 W. 23d St., N. Y.:

I gave Miller such a note.

H. V. BEMIS."

Miller proposed to Horner that if he would discount the note, $1,500 of it might be applied on Mitkiewicz' past due notes. This was agreed to by Horner, and he, acting for his firm, then paid to Miller $3,500 in cash and gave Mitkiewicz credit for $1,500 on his notes, and Miller assigned the note.

At maturity, four months after, the note was presented to Bemis for payment, which he refused, and then informed

appellees that he had received no consideration for the note, and that Miller and Mitkiewicz had perpetrated a fraud on him.

From a judgment for the principal and interest of the note appellant appeals.

S. K. Dow, JOSIAH BURNHAM and FRED F. NORCROSS, attorneys for appellant.

HOLLETT & TINSMAN, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The testimony given on behalf of appellant tends to establish only that appellant gave his note with the understanding that it was not to be used unless a certain concession was obtained from the Chinese government; that if such concession was obtained, then the note could be used, and appellant would receive a large amount of stock therefor. His negotiable promissory note was thus by him sent out into the world. In violation of the conditions under which he had intrusted his note to Miller, that person sold the same to appellees for value, they giving $3,500 cash and an indorsement of $1,500 upon Mitkiewicz' account.

In this State the well settled rule is that the indorsee of a promissory note before its maturity, taking it as payment or security for a pre-existing debt, is deemed a holder for a valuable consideration in the ordinary course of trade, and holds it free from latent defenses on the part of the maker. Mix v. National Bank, 91 Ill. 20–23; Worcester Bank v. Cheeney, 87 Ill. 602–608; Tiedeman on Commercial Paper, Secs. 164, 165; 1 Daniel on Neg. Insts., Secs. 829, 830; Manning v. McClure, 36 Ill. 490; Hancock v. Hodgson, 3 Scam. 329; McIntire v. Yates, 104 Ill. 491.

Appellees, before taking the note, took the precaution to communicate with appellant respecting it. They asked him if it was all right. To this question, which he must have understood as indicating that they contemplated taking ac-

tion upon the note as a valid, negotiable instrument, he replied, " I gave Miller such a note," giving to appellees no warning that the instrument was not in all respects what upon its face it purported to be.

Mr. Horner not only testifies that he had no notice that the note was not negotiable, but the burden of proof that the appellees had such notice, value having been given, was upon appellant. Comstock et al. v. Hannah, 141 Ill. 284– 287; Tiedeman on Commercial Paper, Sec. 289.

The evidence, newly discovered by appellant, was merely cumulative, and not conclusive. A new trial was properly refused for such ground.

The judgment of the Superior Court is affirmed.