THE NATIONAL BANK OF AMERICA

v.

THE NATIONAL BANK OF ILLINOIS.

*Filed at Ottawa January 19, 1897.*

1. BANKS—*effect of drawing check upon deposit in bank.* Drawing and delivering a check upon a fund in bank is, in effect, an assignment of the fund, and grounds an action by the holder directly against the bank.

2. BILLS AND NOTES—*innocent holder of bank check not affected by want of consideration.* The legal rights of the holder of a check upon a bank are not affected by failure or want of consideration as between former parties, unless it is shown he has notice thereof.

3. SAME—*holder of bank check is presumed to be innocent.* A bank check payable to a certain person or order is negotiable, and a plaintiff suing thereon is presumed to be a *bona fide* holder for value, without notice of defenses existing between prior parties.

4. TRIAL—*when trial court may direct a verdict for plaintiff.* In the absence of any proof that a plaintiff who sues on a bank check had notice of a want of consideration for such check existing between prior parties and interposed as a defense, it is proper for the trial court to direct a verdict for plaintiff.

*Bank of America* v. *Bank of Illinois*, 64 Ill. App. 355, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

WALKER, JUDD & HAWLEY, for appellant.

MORAN, KRAUS & MAYER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On June 2, 1893, E. Kellogg Beach drew his check upon the appellant for $1000, which he delivered to his son, C. B. Beach. The son endorsed and delivered the check to the firm of Henry & D. S. Greenebaum, and they deposited it with the firm of Herman Schaffner & Co., private bankers in the city of Chicago, who gave them credit

therefor, and Schaffner & Co. on the same day deposited it in the National Bank of Illinois, receiving credit for the full amount thereof. The next morning the cashier of the latter bank caused it to be presented to the appellant to be certified, but the latter, having been notified to that effect by the drawer, marked it "payment stopped." A formal demand by the National Bank of Illinois was afterwards made upon the appellant for the payment of the check, the maker having there on deposit sufficient funds for that purpose. Payment being refused, appellee brought this suit to recover the amount of the check.

The appellant offered proof upon the trial to the effect that the check had passed from the original drawer to the different parties, including the National Bank of Illinois, without any consideration between the parties at the time of any one of the transfers; but this evidence was rejected by the court and the jury instructed to find the issues for the plaintiff, which it did, fixing the damages at $1000, with interest. From that judgment the defendant appealed to the Appellate Court, where the judgment below was affirmed.

It has long been the settled law of this State that the drawing and delivery of a check upon a fund deposited in a bank is in effect an assignment of such fund *in toto* or *pro tanto*, and that, after demand made, the holder of the check has a direct cause of action against the bank, if it has at the time sufficient funds of the drawer in its hands and refuses to make payment. But it is contended on behalf of appellant that the rule is inapplicable to the facts of this case, because it does not appear that the check was issued or transferred for a valuable consideration. It was held in *Strong* v. *King*, 35 Ill. 9, that if a banker receives a check as money and gives the debtor credit therefor it is an appropriation of the check by the holder and operates as a payment, the check thereby becoming the property of the banker with whom deposited. In *American Trust and Savings Bank* v. *Gueder & Paeschke*

*Manf. Co.* 150 Ill. 336, the payee of a check endorsed it to his banker "for deposit," to be placed to the depositor's credit, and sent the same by mail to his banker, who gave the depositor credit on account for the amount of the check, and after marking it "for collection and return," forwarded it to the drawer for payment, and we held that the deposit of the check was in legal effect a negotiation thereof, so as to vest the legal title in the banker, with the right on his part to charge it back to the depositor in case it was not paid on presentation, and that the credit given his depositor in his account was a sufficient consideration for the assignment.

The fact that there was no consideration for the check could in no way affect the legal right of the holder thereof, unless it was shown that he had notice of the want or failure of consideration.  A check payable, absolutely and at all events, to a certain person or order, in money, is negotiable, (Daniel on Neg. Inst. sec. 1651,) "and when sued upon the possession is *prima facie* evidence of title, and the plaintiff is presumed to be a *bona fide* holder for value, without notice of any defense existing between prior parties, and such defenses cannot be pleaded against it." (Id. sec. 1652; *Security Bank* v. *Northwestern Fuel Co.* 58 Minn. 141.)  It is not claimed that the defendant below offered to prove that the plaintiff had notice of want of consideration or of any other infirmity in the check growing out of the transaction between the drawer and payee, or between the latter and their endorsee, Herman Schaffner & Co.

The evidence offered by the defendant presented no defense to the action, and hence there was no error in the instruction to find for the plaintiff.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*