Kent v. Barnes.

---

## T. J. Kent v. T. L. Barnes.

1. Promissory Notes—*Defense Against Purchaser for Value Before Maturity.*—The purchaser of a note before maturity for a valuable consideration, and without knowledge of any defense, takes a title against which the defenses of the maker can not prevail. Suspicion of a defense, or the knowledge of circumstances calculated to excite the suspicions of a prudent man, will not suffice to defeat the purchaser's title. That result can follow only from bad faith on his part.

Transcript, from a justice of the peace. Appeal from the County Court of McLean County; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

Frank Gillespie and Rowell, Neville & Lindley, attorneys for appellant.

Welty & Sterling and Whitmore & Barnes, attorneys for appellee.

Mr. Presiding Justice Harker delivered the opinion of the Court.

This is a suit upon a promissory note for $150, payable in one year, executed by appellant to one W. W. Salisbury, and assigned to appellee before maturity. The considera-

tion of the note was the promise of Salisbury, as a physician, to cure appellant's wife and son of a disease known as tuberculosis of the bone. The disease was at the time incurable, and that fact was ascertainable to a physician of ordinary skill and knowledge.

The suit was defended upon the grounds that the consideration for which the note was given had failed, that the execution of it was obtained by fraud and circumvention, and that appellee at the time he purchased it had such notice as should have put him upon inquiry with reference to the consideration and the manner in which the execution of the note was obtained. There was a trial by a jury, which resulted in a verdict for appellee, plaintiff below, under a peremptory instruction to find for the plaintiff and assess his damages at the amount of the principal and interest of the note.

The evidence clearly shows that the consideration for which the note was given had failed. It does not show, however, that appellee at the time he purchased the note knew what the consideration was or under what circumstances it was executed. He knew something of the reputation of Salisbury as a practitioner, and when he received the note discounted it with others to the amount of ten per cent. Proof of that was not sufficient to put him in the position of a purchaser with notice of a defense.

The purchaser of a note before maturity for a valuable consideration, and without knowledge of any defense, takes a title against which the defenses of the maker can not prevail. Suspicion of a defense, or the knowledge of circumstances calculated to excite the suspicions of a prudent man will not suffice to defeat his title. That result can follow only from bad faith on his part. Whatever may be the rule elsewhere and whatever view may have been taken of the question by our Supreme Court in the early history of the State the doctrine here declared is now well established in Illinois. Comstock et al. v. Hannah, 76 Ill. 530; Shreeves v. Allen, 79 Ill. 553; Murray et al. v. Beckwith, 81 Ill. 43; Matson et al. v. Alley, 141 Ill. 284.

There is no evidence in the record tending to show that appellee acted in bad faith or had notice of appellant's defense to the note. In that view no other verdict than the one rendered could have been lawfully returned. The court, very properly, then directed the jury to return a verdict for the plaintiff for the full amount of principal and interest on the note. The National Bank of America v. The National Bank of Illinois, 164 Ill. 503.

Judgment affirmed.