## Charles A. Kimmel v. Charles L. Nagele.

1. PROMISSORY NOTES—*Transfers Before Maturity.*—A party who takes a promissory note before maturity for a valuable consideration without knowledge of a defect of title and in good faith, holds it by a title valid as against the world.

2. SAME—*Suspicions of Defects of Title.*—Suspicion of a defect in the title, or the knowledge of circumstances which tend to excite suspicion in the minds of prudent men, or gross negligence on the part of the taker at the time of the transfer, will not defeat the title to a promissory note transferred before maturity for a valuable consideration.

3. SAME—*Sales at Discounts.*—The mere fact that a promissory note is sold for a discount is not of itself sufficient to raise such a presumption of fraud as to permit the introduction of evidence showing a failure of the consideration, where the note is transferred before maturity for a valuable consideration.

Assumpsit, on a promissory note. Trial in the Circuit Court of Iroquois County; the Hon. ROBERT W. HILSHER, Judge, presiding. Verdict and judgment for defendant; appeal by the plaintiff. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed July 20, 1899.

W. T. PANKEY and CHARLES A. KIMMEL, attorneys for appellant.

Mere negligence on the part of an assignee of negotiable paper is not sufficient to deprive him of the character of a *bona fide* holder. Proof of bad faith alone will deprive him of that character. Comstock et al. v. Hannah, 76 Ill. 530; Shreeves v. Allen, 79 Ill. 553.

C. H. PAYSON and NELLIE B. KESSLER, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in assumpsit by appellant on three promissory notes, given by appellee to the McCormick Harvesting Machine Company on July 8, 1896, and assigned by said company before maturity, for a valuable consideration, to the appellant.

Suit was brought on the first note after it became due before a justice of the peace, where there was a judgment for the defendant, from which an appeal was taken to the Circuit Court of Iroquois County. Before the trial in the Circuit Court, the other two notes had also become due and a stipulation was entered into between the parties, whereby the trial was had on all three of the notes. Appellant claimed that he was the *bona fide* owner and assignee of said notes for value, before maturity, without notice of any defense. Appellee on the other hand insisted that appellant purchased the notes under such circumstances as to charge him with notice that appellee had a defense to the same; that by reason of such notice, appellant was not the purchaser of said notes in good faith and therefore appellee was entitled to show any defense to the notes as against appellant which would have been competent, had suit been brought against him by said McCormick Harvesting Machine Company itself.

The only material evidence relied upon by appellee, as tending to show bad faith on the part of appellant, was the fact that he purchased the notes at a discount of twenty per cent from their face value. Upon the theory that this discount showed some notice to appellant of a defense to the notes, the court, over the objection of appellant, admitted evidence tending to show a failure of consideration for the notes, and the jury thereupon found a verdict for the appellee. A motion for a new trial having been overruled, the court entered judgment in favor of appellee against the appellant for costs of suit, from which the latter has appealed to this court.

In Comstock v. Hannah, 76 Ill. 530, the court cited with approval, the following:

"The party who takes it (commercial paper) before due, for a valuable consideration, without knowledge of any defect of title, and in good faith, holds it by a title valid against the world. Suspicion of defect of title, or the knowledge of circumstances which would excite suspicion in the mind of a prudent man, or gross negligence on the part of the taker at the time of the transfer, will not defeat

his title. That result can only be produced by bad faith on his part. The burden of proof lies on the person who assails the right claimed by the party in possession."

The opinion in the case of Matson v. Alley, 141 Ill. 284, after citing the above quotation with approval, contains the following statement in reference to the assignee of certain promissory notes before maturity:

"The evidence here fails to show bad faith in Bliss in obtaining the assignment of these notes, but expressly proves the contrary. The utmost that can be said in that respect is that he might, by inquiry, have ascertained the consideration for which the notes were given. But this only proves that in failing to make such inquiry he was negligent, and, under what is quoted *supra*, is insufficient to affect him with notice."

The only material evidence upon the question involved in this case is the testimony of appellant himself. He testified that he purchased the notes for a valuable consideration at a discount of twenty per cent from their face value prior to their maturity; that at the time of the purchase, the agent of the machine company showed him a report made by a bank in the county where appellee lived, in reference to the property of the latter, from which he formed the opinion that appellee was solvent and financially good for the amount of the notes; that he had known the McCormick Harvesting Machine Company in a general way for ten or twelve years and had purchased notes of them before; that he had no personal knowledge as to what the notes were given for. Under such circumstances we think the court erred in admitting evidence tending to show a want of consideration for the note.

In Kepley v. Schmidt, 21 Ill. App. 402, it is said:

"The evidence, however, while tending to show a want of consideration for the major part of the note, utterly fails to establish the fact that plaintiff bought the note with notice of such defense. He appears to be a *bona fide* assignee for value before maturity, and as such, was entitled to recover."

The mere fact that a note was sold for a discount will not of itself, be sufficient to raise such a presumption of fraud

as to permit the introduction of evidence, showing a failure of consideration, where the note was assigned before maturity, for a valuable consideration.

The first instruction given by the court on behalf of appellee was as follows:

"You are instructed by the court that if you find from all the evidence in this case, that the plaintiff purchased said notes at a discount of twenty per cent, then you have a right to take this fact into consideration, in determining whether or not said plaintiff purchased said notes in good faith or not."

This instruction was erroneous because it singled out and gave undue prominence to a part of the evidence only, and did not tell the jury that the same should be considered together with all the other evidence in the case. It was also erroneous under the peculiar circumstances of this case, for the reason that the jury might infer from it that they were at liberty to determine the good or bad faith of the appellant, from the fact alone that he purchased the notes at a discount.

For the errors above mentioned the judgment in this case will be reversed and the cause remanded.