## Commercial National Bank v. John Waggeman, Sophronia Waggeman and Wilhelmina Harre.

1. PROMISSORY NOTES—*Forged Indorsements.*—A forged indorsement on a promissory note passes no title.

Mortgage Foreclosure.—Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

JACK & TICHENOR, attorneys for appellant.

JOSEPH A. WEIL and STEVENS & HORTON, attorneys for appellees.

· MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was a bill in equity, filed by appellant against appellees, for the purpose of foreclosing a mortgage executed by John Waggeman and wife, Sophronia Waggeman, two of the appellees herein, to Wilhelmina Harre, their co-appellee. The mortgage was dated October 25, 1886, to secure a certain note for $3,500, executed by John Waggeman to Wilhelmina Harre, and payable to her order three years after date, with interest at the rate of seven per cent per annum, payable annually. It appeared from the evidence that on or about November 22, 1897, Henry E. Potthoff, a son-in-law of Wilhelmina Harre, having borrowed from appellant bank $3,500, executed to it his three notes aggregating that amount, and for the purpose of securing the payment thereof, pledged to appellant the Waggeman note and mortgage, the note purporting to be indorsed and assigned by said Wilhelmina Harre.

Potthoff having failed to pay his notes, this bill was filed by appellant to foreclose the Waggeman mortgage. The Waggemans and Mrs. Harre were made defendants to the bill and filed their respective answers thereto. That of

Mrs. Harre denies the right of Potthoff to pledge the securities described in the bill, and alleges that if he did so it was wholly without authority; that she left the note and mortgage with Potthoff for safe keeping merely, and that she never indorsed the same or transferred the title in any way; that said Potthoff was acting merely as custodian for her and was at no time entitled to the possession of the note and mortgage in any other capacity, and had no right to transfer the same; alleges that she is still the lawful and rightful owner thereof, and the only person authorized to commence foreclosure proceedings thereon.

The answer of John and Sophronia Waggeman make the same denials as to the right of Potthoff to pledge the securities and as to his title thereto; admits the execution and delivery of the note and mortgage to Mrs. Harre, but denies that complainant is entitled to the possession or control thereof, or that it has any right to a foreclosure of the same.

Appellee Harre filed a cross-bill setting up the same facts alleged in her answer, and praying that a decree be entered declaring the title to the note and mortgage to be in her, and directing the complainant in the original bill to turn the same over to her, and that the original bill be dismissed at the costs of the complainant therein.

The cause, being at issue, was referred to the master to take proofs, and report the same, with his findings thereon. Proofs were taken, and the master found from the evidence, and so reported to the court, that Potthoff pledged the Waggeman note and mortgage to appellant to secure his own indebtedness to it; that said note at the time it was so pledged, apparently bore the indorsement of Mrs. Harre in blank on the back thereof, but that she did not indorse the note or authorize any one else to do so for her, and had no knowledge of such indorsement until after the same had been pledged and delivered to appellant by Potthoff; that the indorsement upon the back of the note is a forgery; that Mrs. Harre never parted with the title to the note, but is still the owner thereof and entitled to the possession of the same; and the master recommended a

decree accordingly.   Appellant filed objections before the master, and renewed them as exceptions in the Circuit Court.   The cause being heard on these exceptions they were overruled, a decree entered in accordance with the findings of the master, and the complainant prosecutes this appeal.

The only question for our consideration is one of fact. Did Mrs. Harre make the indorsement upon the note in controversy or was her alleged signature upon the back thereof a forgery?

The original note, and several other papers containing signatures of Wilhelmina Harre, which were in evidence in the court below, and which it is admitted were written by her, have been certified to us for inspection and comparison, and after a careful examination of them, and the evidence bearing upon the question, we see no reason for disagreeing with the master, or holding that the court below was in error in finding that the signature in question was a forgery.

. It would serve no useful purpose to discuss the evidence in detail and we shall not attempt it.   Taken as a whole it satisfies us the finding of the court was right.   If Mrs. Harre simply left the note and mortgage with Potthoff for safe keeping, as she claims, and never gave him authority to pledge the same or to write her indorsement thereon, it follows that appellant obtained no title thereto.   Mrs. Harre could not be bound by the statements of Potthoff made without her authority, knowledge or consent.

We think the decree was right and must be affirmed.