## H. Clay Merritt v. A. W. Boyden & Son.

1. COMMERCIAL PAPER—*Bona Fide Taker Without Notice Before Maturity.*—A party who takes commercial paper before maturity, for a valuable consideration, without knowledge of any defects of title, and in good faith, holds it by a title valid against the world. Suspicion of a defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or gross negligence on the part of the taker, at the time of the transfer, will not defeat his title. Such a result can only be produced by bad faith on the part of the taker.

2. SAME—*Burden of Proof of Bad Faith on the Part of the Taker.*— The burden of proving bad faith on the part of the taker of commercial paper rests upon the party asserting it.

3. SAME—*When the Holder is Not to be Charged with Notice.*— Where a promissory note is in proper form and without any suspicious appearance, the purchaser is not to be charged with notice of latent defects or unauthorized writing in it by reason of the condition of the figures in the margin at the top of the note. Such figures can not be used, however, to contradict what is clearly written in the body of the note.

**Assumpsit**, on a promissory note. Appeal from the Circuit Court of Henry County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

C. C. WILSON, EMERY C. GRAVES and N. F. ANDERSON, attorneys for appellant.

BLISH & LAWSON, attorneys for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit on a promissory note purporting to have been executed by L. Silverman and H. Clay Merritt, payable to their own order and by them indorsed in blank. Merritt, after signing the note and indorsement, delivered it to Silverman for negotiation, and the latter, through his attorney, sold it before maturity to appellees. Shortly after its maturity appellees brought this suit on the note against Merritt and Silverman, and afterward dismissed as to Silverman. Merritt filed a plea of non-assumpsit, and also a plea denying the execution of the note verified by his affidavit. The case was tried by a jury and there was a judgment and verdict for appellees for the amount of the note and interest. When appellees bought the note it was in the following form:

" $1300.            KEWANEE, ILLINOIS, Oct. 4th, 1897.
One year after date I promise to pay to the order of ourselves, thirteen hundred dollars, at Kewanee, Ill., value received, with interest at the rate of seven per cent per annum.

                        L. SILVERMAN,
                        H. CLAY MERRITT."

Indorsed:   " L. SILVERMAN,
             H. CLAY MERRITT."

When the note was signed and indorsed by Merritt it bore in the upper left hand corner, the figures " 100 " instead of " 1300 " and in the body of the note, before the word "dollars," which was printed, there was written the words " one hundred," or else there was a blank space before the words " hundred dollars," making it read " ——— hundred dollars." The case was tried on the theory, and the court instructed the jury in substance, that if the note when signed and indorsed by Merritt, contained the words " one hundred" written in the blank before the printed word " dollars," and that after it was so signed and indorsed, it was altered without the knowledge, authority or consent of Merritt, by erasing the word " one" and writing the

word " thirteen " where the word " one " originally was, appellees could not recover; but if at the time said note was signed by Merritt and delivered to Silverman only the word " hundred " was written therein, and that a space was left blank before the word " hundred " sufficient to write therein the word " thirteen " and that Silverman wrote or caused to be written in said blank space, the word " thirteen " so that the body of the note read " thirteen hundred dollars," and that plaintiffs purchased said note in due course of business before maturity in good faith, and without notice of such change, then Merritt was liable to appellees for the face of the note and interest thereon.

It was a controverted question whether the word " one " was before the word " hundred " when Merritt signed the note or whether the space now occupied by the word " thirteen " was then blank.

The court admitted all competent evidence on the subject and permitted experts to testify as to the result of their examination of the fibres of the paper and of a comparison of the words and characters of the note. We are of opinion that the clear preponderance of the evidence is that the word " one " was never in the note, but that the space before the word " hundred " was blank when Merritt signed it, and was afterward filled by the word " thirteen " in the same handwriting as the other written parts of the note.

Appellees bought before maturity, shortly after the date of the note; they paid $1,300 in cash for it and there is no evidence casting the slighest imputation on their good faith in taking the note. It is also to be observed that this instrument had not become a valid promissory note until delivered to them. In the hands of Merritt or Silverman it was not a promissory note. It was drawn to be negotiated and was not an instrument of value until negotiated. It was sold to appellees by one of the joint makers in its present condition. Appellant claims that there was something peculiar in the figures 1300, after the dollar sign in the upper left hand corner of the note and

sought to show by witnesses that a close examination of those figures might have led appellees to see that they had been changed; that this should have put appellees on inquiry, and not having made such inquiry, they were negligent in purchasing the note.    Whether or not there was any apparent change in these figures we can not say, as appellant has not seen fit to have the note certified to us for our inspection, as was done in Ogden v. Ogden, 79 Ill. App. 488, and Commercial National Bank v. Waggeman, 87 Ill. App. 171. The court, however, refused to admit such evidence and this refusal, we think, was proper.

In Comstock v. Hannah, 76 Ill. 530, and Matson v. Alley, 141 Ill. 284, the Supreme Court of this State approves the doctrine that " the party who takes it (commercial paper) before due, for a valuable consideration, without knowledge of any defects of title, and in good faith, holds it by a title valid against the world.    Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or gross negligence on the part of the taker at the time of the transfer, will not defeat his title; that result can only be produced by bad faith on his part.    The burden of proof lies on the person who assails the right claimed by the party in possession."    There was no evidence of bad faith on the part of appellees, so that even if the peculiarities claimed in the figures 1300 really existed, the rights of appellees would not be affected thereby. If the body of the note is in proper form and without any suspicious appearance, the purchaser of the note can not be charged with notice of some latent defect or unauthorized writing in the note by reason of the condition of the figures in the margin at the top.    This note, it is clear from the evidence, read " thirteen hundred," and even if the figures at the top had read " $100," still, the figures could not have been used to contradict what was clearly and plainly written in the note.    Corgan v. Frew, 39 Ill. 31.

The instructions given by the court were in conformity with the theory of the law above expressed, while those refused for appellant announced a contrary theory of law. We think the Circuit Court's theory of the law was correct and

that no error was committed in regard to the instructions. In some cases the court sustained objections to questions which might properly have been answered, but in such instance we find that afterward the witness was permitted to give the desired answer.

Appellant sought to prove in chief, that in testifying before the justice of the peace, he stated that this note when he signed it read " one hundred dollars." It was not competent for him to prove his own declaration, to support his own testimony to that fact on this trial. Afterward a witness for appellees testified that before said justice of the peace, appellant testified that when he signed said note it read " ——— hundred dollars" without the word " one." After that testimony was given, it would have been competent for appellant to testify whether he did so swear before the justice, but he was not recalled for that purpose.

Appellant sought to show that he had signed numerous other notes for Silverman and that they had been altered in amount and negotiated for different sums of money. It was not claimed, however, that appellees ever held any of these notes or were in any way connected with or aware of them at the time they purchased the note in question, and the court properly sustained objection to this proof.

We are of opinion that all competent proof offered was admitted and that the verdict was fully sustained by the evidence.

The judgment of the court below is therefore affirmed.