### Daniel J. Murphy v. William J. Smith.

1. ASSIGNMENT OF NOTE—*when question of authority to make, must be raised.* This question must be raised in the trial court and cannot be raised for the first time upon appeal.

2. PROPOSITIONS OF LAW—*effect of refusal of correct.* Where the court refuses to hold propositions of law which are correct in principle and applicable to the case, a reversal will follow.

Action commenced before justice of the peace. Appeal from the City Court of Alton; the Hon. ALEXANDER W. HOPE, Judge, presiding. Heard in this court at the August term, 1903. Reversed and remanded. Opinion filed March 10, 1904.

LEVI DAVIS, for appellant.

JOHN J. BRENHOLT, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit commenced before a justice of the peace, by appellant against appellee, to recover on a promissory note. Trial was had and judgment rendered in the justice's court, and an appeal taken to the City Court of the city of Alton, where the case was tried by the court without a jury, resulting in a finding and judgment in favor of appellee for costs.

The note in question was executed by appellee, payable four months after date to the order of Excelsior Collecting Company, and was thereafter indorsed in blank and delivered by the payee to appellant. Upon the trial in the justice court, and before offering the note in evidence,

attorney for appellant filled up the blank indorsement, by writing in the words:   " Pay to the order of D. J. Murphy, cashier."

Appellant contended in the trial court, that as cashier of the National Bank of Jerseyville, a day or two after the date of the note, he purchased it for value, in the regular course of business, without knowledge of any defense, and that it was then and there indorsed by the payee "in blank," and delivered to him.

Appellee contended that the note was not sold to appellant or to the bank, but that it was simply left with the bank for collection, that it was not indorsed, "in blank," until after it was due, and that the note was without any consideration, and also that the consideration had wholly failed.

There was evidence tending to support the contentions of the respective parties, but as in our judgment the case must be reversed and the cause remanded, we purposely refrain from discussing the weight of the evidence.

Counsel for appellee here contends, that the assignment of the note is without effect for want of proof of authority in the payee company's manager to make it, and cites Mason v. Alley, 141 Ill. 284, in support of this contention.   We cannot find from the abstract that this question was in any manner raised upon the trial.   Questions of this character cannot be raised in this court, unless they have been first raised in the trial court and properly preserved in the record, and brought forward in abstract.   And further, the authority cited does not support the contention.

At the conclusion of all the evidence, counsel for appellant submitted to the court four written propositions to be held as law in the decision of the case.   These propositions were submitted in accordance with the provisions of the statute, and each states a correct proposition of law, applicable to a state of facts which the evidence tended to prove. The court rejected each and every of said propositions of law, and refused to hold them or any of them, "as law in the decision of the case."   In this the trial court committed material error.

Counsel for appellee suggests that the record does not show that the propositions of law were acted upon by the court, that it does not show that they " were either given or refused," and therefore that this error should not be considered here. Counsel has not read the record with proper care. It is stated in the bill of exceptions immediately following the propositions, as follows: " Which propositions the court refused to hold as law, to which refusal the plaintiff by his attorney then and there excepted."

The judgment of the City Court of Alton is reversed and the cause remanded.

*Reversed and remanded.*