### Seymour Hurst v. Randolph Pearce et al.

1. SECOND INDORSER—*when protected against defense of maker.* The indorsee of one who has received a note in good faith for value before maturity, is protected against the defense of the maker even though he has received such note after its maturity.

Action in *assumpsit*. Appeal from the Circuit Court of Clark county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

GOLDEN, SCHOLFIELD & SCHOLFIELD, for appellant.

J. W. GRAHAM and H. C. BELL, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in *assumpsit* by appellant against appellees, and is based upon a promissory note, dated March 5, 1903, for the sum of $300 payable one year after date to the order of Louis Lutz and signed by appellees and one Martha E. Pearce, who died before the suit was brought. A trial by jury resulted in a verdict and judgment against appellant.

The evidence tends to show the following facts: The note in suit was given in part payment for a butcher shop purchased by appellees, the makers, from Lutz, the payee, on March 5, 1903. The shop was thereafter operated by Randolph Pearce until July 27, 1903, when it was turned over to one Emmet Craig who, on August 9, 1903, resold it to Lutz, the original owner, receiving in part payment the note in suit, which was at the time indorsed by Lutz in blank.

Appellee, Edward Pearce, contends that on June 9, 1903, the shop had been transferred to him by Randolph Pearce, who was his son; that on July 27, 1903, he was still the owner of the same; that he placed it in the hands of Craig as his special agent for the purpose of sale; that it was agreed between him and Craig that the property should be resold to Lutz, if possible, the note in the suit to be accepted in part payment of the purchase price; that upon the sale being accomplished the note was to be surrendered to him and he was to pay Craig the sum of $150 which he had advanced to Randolph Pearce to be used in the business.

Craig, on the contrary, contends that the shop was sold to him on July 25, 1903, by Randolph Pearce, the then owner, in satisfaction of Randolph's indebtedness to him; that acting in his own behalf, he sold the same to Lutz, accepting the note in suit as part payment, and thus became the owner thereof. Craig retained the note until January, 1905, when he assigned it for value to appellant, who filled in the blank by writing above Lutz's signature the words: "I hereby assign the within note to Seymour Hurst."

Appellant then demanded payment of the note from Edward Pearce who declined to pay the same, assigning as reason therefor that he had already paid it by permitting Lutz to turn it in as part payment for the butcher shop, and that the same should have been surrendered to him by Craig. There is evidence in the record tending to support the respective contentions of the parties.

As the judgment must be reversed for the reason that the jury were not correctly instructed as to the law, we will refrain from further discussion of the evidence. If, however, the facts were as claimed by appellees, it is apparent they had a complete legal defense to the note. On the contrary, if Craig's version was the true one, he received the note in good faith, for value and before maturity, and in consequence would be protected against a defense by the makers. In the latter case, appellant, as Craig's indorsee, succeeded to his rights and would be likewise protected, although he acquired the note after maturity. 1 Dan. on Neg. Instrum., § 803; Woodworth v. Huntoon, 40 Ill. 131; Matson v. Alley, 141 Ill. 284; Burton v. Perry, 146 Ill. 119. It is the policy of the law to give full faith and credit to commercial paper transferred before maturity so that it may circulate, as far as possible, with all the convenience of currency. Bradwell v. Pryor, 221 Ill. 605. The rule contended for by counsel for appellees that although the original as-

signee receiving commercial paper before maturity may be protected, subsequent purchasers are not. would manifestly be in contravention of the policy thus declared.

At the instance of appellees the trial court instructed the jury that a second assignee of a note. after maturity, takes it subject to all the equities which attach thereto between the maker of the note and the first assignee, or that can be urged against its payment in the hands of the original payee or payees of the note. This instruction does not correctly state the law and undoubtedly misled the jury. The proper rule is laid down in appellant's third refused instruction to the effect that if a note is assigned before maturity, for value, to a *bona fide* purchaser without notice, the assignee will be protected against any defense by the maker, and that a subsequent purchaser of the note from such assignee even though he suspects defect of title or has knowledge of circumstances calculated to excite suspicion in the mind of a prudent man, or is guilty of gross negligence at the time of the transfer, will succeed to the rights of the first assignee. See authorities cited, *supra,* and Bradwell v. Pryor, *supra.*

The jury were not correctly advised as to the law applicable to the facts. The judgment must therefore be reversed and the cause remanded.

*Reversed and remanded.*