### W. G. Howell v. Merchants Trust and Security Company.

INDORSEE—*when protected against defenses.* An indorsee or as-
signee of commercial paper who takes the same before maturity,
for a valuable consideration, without knowledge of any defect, and
in good faith, will be protected against the defenses of the maker,
and mere suspicion of defect of title, or the knowledge of circum-
stances calculated to excite suspicion in the mind of a prudent
man, or even gross negligence on his part, at the time of the trans-
fer, will not defeat his title. In other words, the only thing which
will defeat his title is bad faith on his part, and the burden of
proof is upon the party assailing his right to establish that fact by
a preponderance of the evidence.

Assumpsit. Appeal from the Circuit Court of Macon county; the
Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at
the November term, 1906. Affirmed. Opinion filed June 1, 1907.

LE FORGEE & VAIL and JACK & DECK, for appellant.

HUGH CREA and HUGH W. HOUSUM, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion
of the court.

The Merchants Trust & Security Company brought
suit in the Circuit Court of Macon county against W. G.
Howell, upon four promissory notes. After suit had
been commenced, by agreement of the parties, another

suit that had theretofore been commenced upon another note for a like amount, similar in character, and signed by said Howell, was consolidated with the suit upon the four notes and a trial had upon the five notes. There was a verdict and judgment in favor of the Merchants Trust & Security Company in the sum of $280.25, from which Howell has appealed.

At the conclusion of the trial appellee entered a motion that the court instruct the jury to return a verdict in favor of the plaintiff (appellee), which motion the court sustained and directed the jury to find a verdict for plaintiff for the amount of the five notes with interest. The question, therefore, to determine is whether or not the trial court committed error in not allowing the case to go to the jury.

It appears from the evidence that on February 21, 1905, appellant purchased from the Neel, Armstrong Company a medical apparatus for which he was to pay the sum of $650, one-half of which amount he paid in cash, the other half of which was to be paid in monthly installments witnessed by six promissory notes, for a trifle over $54 each, all of which notes, except the one first due, were the bases of recovery in this suit.

The undisputed testimony of William F. Pelham, manager of appellee, showed that appellee's business was that of buying and selling commercial paper; that on the twenty-eighth of February, 1905, only seven days after the making of said notes, and before the maturity of any of them, appellee purchased said six notes from the Neel, Armstrong Company and paid for the same by check, duly honored, the sum of $208; that each of said notes was duly indorsed and delivered by the Neel, Armstrong Company, to appellee; that appellee, at the time of the purchase of said notes had no notice of any failure of consideration and had no knowledge of any objection or complaint upon the part of appellant concerning the transaction.

Appellant, to defeat recovery, gave testimony tending to show that the apparatus bought by him from

the Neel, Armstrong Company was to be carefully and skillfully constructed and warranted to do its work properly; that it worked badly and on that account the consideration for the notes had failed; that upon the maturity of the note first due, of the series of six notes (not being one of the five notes sued upon, however), and after appellee had bought the six notes and they had been assigned, appellant wrote to the Neel, Armstrong Company, requesting an extension of the time of payment upon said note first due and an arrangement was made whereby a new note was taken in place of said note number one, to fall due after the five notes sued on, and note number one was canceled and surrendered; and when the machine was sold by the Neel, Armstrong Company to appellant, that appellant accompanied Dr. Ross, agent for the Neel, Armstrong Company in making the sale, to the Citizens National Bank of Decatur, where Dr. Ross was offered, by the cashier of said bank, the sum of $325 in cash for said notes, if appellant would say that the medical apparatus was all right, and that said Dr. Ross refused to accept such proposition.

Appellant also read in evidence some letters from the Neel, Armstrong Company, or those acting for it, to appellant, none of which in any way made reference to appellee, except one dated March 21, 1905, which read as follows:

"NEEL, ARMSTRONG Co., 300 Caxton Bldg., 334 Dearborn St.,

CHICAGO, ILL., March 21, 1905.

W. G. HOWELL, M. D.,
Decatur, Ills.

DEAR DOCTOR:—Your note which was due to-day was sent to the Decatur Bank for collection by the Merchants Trust and Security Company who carried our deferred paper before we received your request for thirty days' extension. Now we would suggest that you execute a new note payable thirty days after the last one of the series,—you have is due and we will

then cancel and return your first note which is now in the bank of Decatur with instructions given to-day to hold for thirty days. This will avoid complications.

Yours very truly,

WM. D. NEEL."

This, in substance, was all the evidence given or offered by appellant to defeat a recovery upon the notes sued on.

The rule is well established in our state that "the indorsee or assignee of commercial paper who takes the same before maturity, for a valuable consideration, without knowledge of any defect and in good faith, will be protected against the defenses of the maker, and mere suspicion of defect of title or the knowledge of circumstances calculated to excite suspicion in the mind of a prudent man, or even gross negligence on his part at the time of the transfer, will not defeat his title. In other words, the only thing which will defeat his title is bad faith on his part and the burden of proof is upon the person assailing his right to establish that fact by a preponderance of the evidence." Bradwell v. Pryor, 221 Ill. 602-605; Matson v. Alley, 141 Ill. 284; Fidler v. Paxton, 101 Ill. App. 107.

In the case at bar not only was there no evidence showing bad faith upon the part of appellee in the purchase of the notes in question, but there was no testimony given or offered that tended to prove that claim. The most that can be said of the evidence given and offered by appellant is that it showed some matters of suspicion as against the Neel, Armstrong Company. There is no evidence to support the claim made, that appellee did not buy the notes in dispute in the regular course of business and before maturity; nor is there any suggestion even that appellee knew of what passed between appellant and Doctor Ross at the bank in Decatur. The fact that the Neel, Armstrong Company, at appellant's request, was able to extend the time of payment upon his note first due, did

not of itself tend to show bad faith upon the part of appellee; while the letter of the Neel, Armstrong Company of March 21, 1905, states that appellee carried their deferred paper and that said note so first due had been sent to the bank at Decatur for collection by appellee, and not by the payee.

Objections were made by appellant to the ruling of the trial court upon the matter of receiving testimony upon the part of appellee and refusing to admit evidence offered by appellant, but we hold that all of appellant's evidence as given and offered did not tend to make a defense, in the absence of an offer to prove that the notes were bought after maturity, or that appellee, at the time of the purchase, had notice, in some way, of appellant's defense thereto. It is, therefore, unnecessary to discuss such objections. The action of the court in taking the case from the jury was not unwarranted.

The judgment is affirmed.

*Affirmed.*