## Emil H. Schintz, Defendant in Error, v. American Trust and Savings Bank, Trustee, Plaintiff in Error.

### Gen. No. 14,706.

NEGOTIABLE INSTRUMENTS—*when burden of proof upon plaintiff to show acquisition in good faith.* After the defendant has shown the title of the payee to have been defective, the burden of proof is on the assignee to establish that he took the negotiable instrument in suit in good faith and for value.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed December 7, 1909.

LEE D. MATHIAS and JESSE LOWENHAUPT, for plaintiff in error.

OTTO W. JURGENS, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

The payee of a sixty-day note for $500, executed by defendant, sold and endorsed it to plaintiff twenty-one days before maturity for $300. Plaintiff testified that he wanted to see defendant before buying it, not on account of bad faith but to know whether he would pay it when due. He endeavored without success to telephone to him, and bought the note without seeing him.

To the question as to whether the plaintiff suspected that there might be some reason why defendant would not pay the note when due, an objection was sustained.

In view of the statement in the brief of defendant in error "that we shall not discuss the question as to whether Koelling's (the payee's) title was defective within the meaning of section 55 of the Negotiable Instruments Act," it is unnecessary for us to review the evidence on this point. Suffice it to say that in

our opinion there was abundant evidence to justify a finding that at the time of the sale to plaintiff, Koelling held the note no longer as payee but for defendant and that his title was therefore defective.

Inasmuch as the court directed a verdict for the plaintiff, the only question is, was there any evidence from which the jury would have been justified in finding the plaintiff not to have been a holder in due course within section 51 of the act.

Whatever may be the rule at common law, see Bradwell v. Pryor, 221 Ill. 602, the statute now expressly provides that after the defendant has shown the title of the payee to have been defective, the burden of proof is on the plaintiff to establish among other things that he took the paper in good faith.

While neither gross negligence nor a mere suspicion of defect of title (Bradwell v. Pryor, *supra)* nor a mere inadequacy of consideration (Kimmel v. Nagele, 84 Ill. App. 22) would of itself necessarily establish bad faith or perhaps even sustain a finding of bad faith, the combination of a suspicion of some defense on the part of the maker with the purchase at forty per cent discount twenty-one days before maturity, under the circumstances of this case, requires the submission of the question of good faith to a jury. The objection to the question bearing on plaintiff's suspicions was therefore improperly sustained and the error was not cured by any subsequent question or answer.

But even without the answer that was sought to be elicited, to this question, two facts stand out clearly in this record; the purchase, at forty per cent discount, twenty-one days before maturity, of a note executed by one whom, according to the evidence, the purchaser considered good, and the attempt to investigate but the failure to carry out the investigation by making direct inquiry of the maker, who was readily accessible.

It is to be noted that the statute now requires a

holder in due course, not only to have had ''no notice of any defect in the title of the person negotiating it'' (Neg. Instr. Act, sec. 52, sub-sec 4), which notice is further defined in section 56 as ''actual knowledge of the defect or knowledge of such facts that his action in taking the instrument amounted to bad faith,'' but it also requires him by section 52, sub-section 3, to have taken it ''in good faith.'' A mere lack of notice or knowledge is not therefore sufficient; good faith implies honest intent. It is consistent with negligence, even gross negligence. A blundering fool may therefore be found to have acted in good faith, though under like circumstances a shrewd business man might be deemed to have acted in bad faith; but it cannot be held as a matter of law that this plaintiff, an experienced real estate man who made a practice of buying notes, acted in good faith. Plaintiff may be well satisfied if a jury on the retrial shall find good faith to have existed in fact. It was therefore error to have directed a verdict.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*