## WILLIAM SHREEVES

### *v.*

## JOHN B. ALLEN.

1. ASSIGNEE *before maturity—subject to what defense.* Where a person takes an assignment of a promissory note before due, for a valuable consideration, and is not guilty of bad faith, even though he may be guilty of gross negligencee, he will hold it by a title valid against the world, and it will not, in his hands, be subject to the defense of failure of consideration.

2. SAME—*bad faith must be proved, to deprive an assignee of the character of a bona fide holder.* Mere negligence on the part of an assignee of negotiable paper, is not sufficient to deprive him of the character of a *bona fide* holder. Proof of bad faith, alone, will deprive him of that character.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. DOUGLASS & HARVEY, for the appellant.

Messrs. HANNAMAN & WILLOUGHBY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, by the assignee, against the maker of a promissory note. The jury, under instructions of the court, gave their verdict for the defendant, upon which the court

gave judgment, and the plaintiff brings the case here by appeal.

The main issue contested in the court below was, whether the plaintiff was the assignee in good faith, of the note, before maturity, and without notice of the failure of consideration, relied upon as a defense.

The evidence on this point was conflicting, so much so that, in our opinion, the misdirection of the court as to the law may have, and doubtless did, induce the jury to render a verdict different from what they would have rendered under proper instructions.

The second instruction given at the instance of the defendant, was the following:

"The jury are instructed that if they believe, from the evidence, that the plaintiff, Shreeves, lives in the same town with the payee (Kenworthy), and that said Shreeves knew the business of said Kenworthy. and such business was dishonorable, and that such knowledge of Kenworthy's business was of such a nature as would have put a prudent and reasonable man on inquiry, before purchasing a note payable to Kenworthy, then the jury must find that Shreeves was bound to make inquiry, and if Shreeves failed to make such inquiry, then Shreeves must stand the result of his own negligence."

So far as we have discovered from the evidence, there is no proof that Kenworthy was engaged in "a dishonorable business," the mere fact that he failed to comply with his contract, in this instance, being insufficient proof to that effect. He seems to have been engaged in the manufacture and sale of a patented corn planter, and this is, of itself, surely not dishonorable. Like any other business, it may be dishonorably conducted; but when honestly conducted, we know of no reason why it may not be esteemed as reputable as any other vocation. Apart from this objection to the language characterizing the business, however, the law, as laid down in this instruction, has been condemned by us in *Comstock et al.* v.

*Hannah*, 76 Ill. 530, where the authorities were fully examined.

It was there held, where a person takes an assignment of a promissory note before due, for a valuable consideration, and is not guilty of bad faith, even though he may be guilty of gross negligence, he will hold it by a title valid against the world, and it will not, in his hands, be subject to the defense of failure of consideration ; that mere negligence on the part of an assignee of negotiable paper is not sufficient to deprive him of the character of a *bona fide* holder, and that proof of bad faith, alone, will deprive him of that character.

For the error in giving this instruction, the judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE CRAIG, having been of counsel for appellant in the circuit court, took no part in the decision of this cause.