EDWARD C. MURRAY *et al.*

*v.*

CHARLES W. BECKWITH.

1. ASSIGNEE *before maturity—how far protected.* Where the maker of a negotiable instrument puts it in circulation, and it is negotiated before due, and passes into the hands of third parties for a valid consideration, the maker can not be permitted to defeat payment, unless he establishes the fact that the holder purchased with notice of his defense.

2. SAME—*assignee not bound to call on maker and make inquiry before purchasing.* A party about to take an assignment of a promissory note is under no obligation to call upon the maker and make inquiry before purchasing the same, even though he lives in the same place with the maker, and the note is nearly due and is offered to him at a discount, and he knows that the maker is solvent.

3. The payee of a promissory note called on a person residing in the same place with the maker, three days before its maturity, and represented to him that he was going to Philadelphia to take up paper which he owed, and that he needed money or paper not due for that purpose; that the note

44        MURRAY *et al. v.* BECKWITH.        [Sept. T.

Opinion of the Court.

he then held would become due before he reached Philadelphia, and he could not use overdue paper, and thereupon sold and assigned the note to such person at a discount of three per cent, taking his note for the amount, due in thirty days: *Held,* that these were not such circumstances as would charge the assignee with notice of any defense to the note.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Messrs. HOWE & RUSSELL, for the appellants.

Mr. E. A. SMALL, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This cause was before this court at the September term, 1868, and the judgment previously rendered was reversed, on the ground the court had rejected the appellant's offered evidence of a failure of consideration of the promissory note upon which the action was founded.

After the decision another trial was had before a jury. The evidence in regard to a failure of consideration was introduced, but, as before, the trial resulted in a verdict and judgment in favor of appellee, for the amount of the note and interest.

We are now asked to reverse the judgment because, as is claimed, the court gave improper instructions for appellee, and refused certain of appellant's instructions, and for the further reason, that the judge before whom the cause was tried made an improper remark during the progress of the trial, in the hearing of the jury.

The instruction given on behalf of appellee, to which objection is made, was in the following language:

" The court instructs the jury that this is a suit by the assignee of a promissory note against the makers of said note, and if the jury believe, from the evidence, that the plaintiff purchased the note in controversy of the payees, Major & Sons, before it was due, and paid a valuable consideration therefor, and if the plaintiff had no notice of any defense thereto, but was informed that said note was a good piece of commercial

paper, and would be paid when due, and that he purchased the note on the faith of such belief, and without notice of any failure of consideration, then it is the duty of the jury to find their verdict for the plaintiff, and assess his damages at the amount of said note and interest thereon."

The following were the refused instructions, which presented the opposite view:

" If the jury shall believe, from the evidence, that the note sued on was given by the defendants in payment of tobacco purchased by them from the payees of the note, Major & Sons; and if the jury shall further find, from the evidence, that the consideration of the note has wholly failed on account of the bad quality of the tobacco sold; then, if the jury shall believe, from the evidence, that the plaintiff, before or at the time of his acquiring the ownership of said note, had notice of the failure of the consideration of the said note, or if the circumstances under which said note was parted with to the plaintiff, were such as ought to have put a reasonably prudent man on inquiry as to the facts, and the plaintiff made no inquiry, then the plaintiff can not recover, and the jury should find for the defendant.

" The jury are instructed that the purchaser of negotiable instruments must use ordinary prudence in their purchase. If the attendant circumstances are such as. to excite the suspicions of a reasonably prudent man, the purchaser is affected with notice, and is subject to any defense that may exist against the note in the hands of the payee. The jury can look at the situation of the parties at the time of the purchase, the consideration given for the note, the time the note had to run, the solvency of the makers, and if, from all these facts, they think the suspicions of an ordinarily prudent and cautious man would be excited that there was some defense to the note, the purchaser is not protected as a *bona fide* purchaser, and it is immaterial whether he actually suspected or not."

The record discloses no testimony whatever that appellee,

Beckwith, had notice, when he purchased the note, that the makers had any defense to it. This being the case, we perceive no substantial objection to the instruction given for appellee.

But it is said the circumstances under which the note was purchased were equivalent to notice, and hence it was error to refuse appellant's third and fourth instructions.

What were those circumstances? As we understand the record, they were, in substance, that the makers of the note were known to be solvent, and resided in the same city where the appellee lived; that the note was purchased only three days before maturity, at a discount of three per cent, and appellee paid for it in his own paper, due in thirty days.

The evidence, however, shows that when the payee of the note called upon Beckwith to induce him to purchase it, he represented that he was then on his way to Philadelphia to take up paper which he owed, which was about to mature, and that he needed money, or paper not due, with which to lift the obligations of the payees of the notes in Philadelphia; that the note in question would become due before he could reach that place, and overdue paper could not be used.

Appellee was assured the note was all right, and as he testifies " had not a thought or suspicion that anything was wrong about it." It also appears that appellee was in the habit of occasionally buying paper, and this note was purchased upon the recommendation, and at the request, of Mr. Hibbard, a friend of appellee.

This evidence does not seem to indicate that appellee had notice that a defense existed against the note.

The reason given appellee by the payee of the note, why he desired to negotiate it, was plausible. The fact that the note was sold at a discount, was nothing unusual, or contrary to the usual manner in which those engaged in discounting notes transact that kind of business. Nor was there anything suspicious in the fact that the payee was willing to receive the note of appellee, due in thirty days, in payment for the note

in question, when the use that was to be made of the note is considered, and the difficulty that might be encountered in attempting to use overdue paper in a strange place. No reason existed which would require appellee to call upon the makers of the note and make inquiry before the purchase was made, and he was under no obligation to do so, although the makers resided in the same place.

As the evidence clearly failed to establish notice to appellee before he purchased the note, that appellants had a defense, the instructions were properly refused.

When the maker of a negotiable instrument puts it in circulation, and it is negotiated before due, and passes into the hands of third parties for a valid consideration, the maker, who alone is responsible for the paper becoming an article of commerce, can not be permitted to defeat payment, unless he can establish the fact that the holder purchased with notice. The sale and transferring of promissory notes enter largely into the commerce of the country, and public policy requires that an innocent purchaser should be protected.

In regard to the last point presented, that the court made an improper remark in the presence of the jury, we see no serious objection to the inquiry made by the court. It appears, that after the defendants had closed their evidence, the attorney for appellee called several witnesses, and after they were sworn the court inquired upon what point the witnesses were called; to which the attorney replied, all but two in regard to the failure of consideration. The court then inquired if the attorney thought it necessary to call any witnesses on that point.

While it would be improper for the court, during the trial, to make any remark prejudicial to either of the parties, before the jury, yet it is apparent that what was said was with a view to expedite the business before the court, and not to influence the jury in any manner.

Upon an examination of the whole record we are satisfied the law was fairly given to the jury, and the verdict, under

the evidence, was right.    The judgment will, therefore, be affirmed.

*Judgment affirmed.*

Mr. JUSTICE WALKER:   I am unable to concur in the conclusion announced in this case.    I think the jury should have been instructed to find whether the evidence charged the assignee with notice.