## A. J. DeLong
### v.
### GEORGE F. SCHROEDER.

*Negotiable Instruments—Note—Title of* Bona Fide *Holder—Evidence
Necessary to Impeach—Ground for Suspicion not Enough—Instructions.*

Bare suspicion of a defense is not enough to impeach the title of a
holder of negotiable paper, transferred to him before maturity for good
consideration.  There must be actual notice to the assignee of a defense
to the paper, and must consist of knowledge of facts which would impeach the validity of the note between the antecedent parties.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Iroquois County; the
Hon. C. R. STARR, Judge, presiding.

Messrs. S. S. CONE and PAYSON & OREBAUGH, for appellant.

Mr. C. W. RAYMOND, for appellee.

MR. JUSTICE CARTWRIGHT.  This suit had its origin in a
justice's court, and was brought by appellant against appellee on a note for $154.94, made by appellee, payable seven
months after date to W. F. Gorrell, with interest at eight
per cent after due, and indorsed without recourse by the
payee and by C. B. Nugent.  On appeal to the Circuit Court
there was a trial, resulting in a verdict for appellee, on which
judgment was entered.

The defense made was on the ground that the note was
given for premium on a life insurance policy of $5,000, issued
to appellee by Home Life Insurance Co.; that it was obtained by said C. B. Nugent, by representations that such
policy would contain certain provisions for withdrawal by
appellee after a certain number of payments of annual pre-

mium, and for receipt by him of the money paid and certain interest thereon; but that the policy when issued did not contain such provisions, and that appellant was not a *bona fide* assignee of the note. The only evidence offered by appellee in support of the latter proposition, was that appellant had stated in talking about a suit on another note assigned to him, at the same time as this, that Mr. Gorrell had indorsed or guaranteed the notes and he would not be out anything, and the further fact that appellant did not personally know the financial condition of appellee at the time of the transfer of the note. Both Nugent and appellant testified that appellant bought the note with others from Nugent about three months before maturity, for its face, less ten per cent, without notice of any defense, and paid for the notes so bought with cash and a check; that appellant had been accustomed to make like purchases of notes from Nugent to enable him to make periodical settlements with the Insurance Co.; that no trouble had been experienced with any such notes, and that Nugent represented appellee to be responsible and appellant bought the notes in reliance on that statement. The evidence for appellant was that Nugent received twenty-five per cent commission on business done for the company, and took notes in the name of Mr. Gorrell, the general agent, which were indorsed by Gorrell, without recourse, and the seventy-five per cent due the company was paid by Nugent, who disposed of the notes. The clear preponderance of the evidence was that appellant was a *bona fide* holder of the note. The evidence to the contrary amounted to no more than would create a mere suspicion against it. There would be but little security for the holder of commercial paper if bare suspicion should be allowed to impeach his title. Even if there was a guaranty as stated, that fact would not affect appellant's right, and consequently his statement that such fact existed would have no more force than the fact stated, and would be insufficient proof of want of title acquired in good faith.

The third instruction given at the request of appellee informed the jury that if appellant knew, or as an ordinarily

prudent man had reason to believe from circumstances brought to his knowledge before he purchased the note, that the appellee had a defense to it, or to some part of it, then he was not an innocent holder of the note. There was no evidence tending to prove any circumstance brought to appellant's knowledge before he purchased the note, from which he could conclude that appellee had any defense to the note, or any part of it; there was nothing to which the instruction could apply unless it was the circumstances under which it was bought.

Appellant's rights do not depend upon the exercise of ordinary prudence in investigating the question of possible defenses, of which he has no actual knowledge. The notice of a defense must be actual and not constructive, and must consist of knowledge of the facts and circumstances which would impeach the validity of the note between the antecedent parties. It must be more than would put an ordinarily prudent person on inquiry or excite his suspicion. Gross negligence on his part would not defeat his title. That result can only be produced by bad faith on his part. Comstock v. Hannah, 76 Ill. 530; Shreeves v. Allen, 79 Ill. 553; Murray v. Beckwith, 81 Ill. 43; Watson v. Alley, 31 N. E. Rep. 419. The instruction should not have been given.

The fourth instruction for appellee was misleading. The proposition stated had nothing to do with the case unless connected with other facts not stated. Proof of the fact stated was not admissible in evidence except upon proof of other facts making it competent against appellant, and the issue in the suit could not be affected without other essential proof. The fifth instruction for appellee called special attention to certain evidence, reciting the matters brought to the attention of the jury by appellee's evidence, and giving them especial prominence with the jury, and wholly ignoring the contradictory evidence for appellant. This should not be done. There was no evidence upon which to base the eighth or tenth instruction for appellee. There was nothing tending to prove the proposition stated in either of them. The instructions, as a whole, called upon the jury to decide the

case against appellant upon any inference or suspicion they might be able to create in their minds against his ownership of the note. It is essential to the security of commercial paper that the well established doctrines of the law relating to its transfer should not be departed from.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*