## HENRY V. BEMIS

### *v.*

## ROBERT J. HORNER *et al.*

*Filed at Ottawa November 9, 1896—Rehearing denied March 6, 1897.*

1. EVIDENCE—*defendant raising the issue of notice has the burden of proof.* A defendant to a suit on a promissory note who files only special pleas charging the plaintiff with notice of defenses, to which pleas replications denying notice are filed and issue taken thereon, has the affirmative of such issue and the burden of proof.

2. APPEALS AND ERRORS—*party cannot complain of error arising from his own acts during trial.* A defendant cannot complain of an instruction holding the burden of proof to be upon him, where, before trial, he claims the affirmative and is accorded the right to open and close.

3. BILLS AND NOTES—*innocent purchaser before maturity, without notice, takes good title.* One who, in good faith, purchases commercial paper before maturity, for a valuable consideration, without notice of existing defenses, holds a valid title against the world.

4. NEW TRIAL—*affidavit for, must be on file when required by the rules of the court.* A court is justified in overruling a motion for a new trial on the ground of newly discovered evidence, where the affidavit on which the motion is based, and which is required by the rules

| 165 | 347 |
| --- | --- |
| 83a | 137 |
| 165 | 347 |
| 84a | 304 |
| 165 | 347 |
| 85a | 175 |
| 165 | 347 |
| 89a | [1]631 |
| 165 | 347 |
| 90a | [3] 20 |
| 90a | 21 |
| 165 | 347 |
| 92a | [1]566 |
| 165 | 347 |
| 93a | [3]115 |
| 165 | 347 |
| 98a | [3]408 |
| 165 | 347 |
| 100a | [3]236 |
| 165 | 347 |
| 203 | [6]225 |
| 106a | [3]159 |
| 165 | 347 |
| 115a | [3]506 |

of the court to be on file, is not filed or before the court when the motion is heard.

5. SAME—*newly discovered evidence merely cumulative is not ground for new trial.* An application for a new trial on the ground of newly discovered evidence should be denied when the evidence relied upon is merely cumulative.

6. SAME—*newly discovered evidence tending merely to impeach a witness is not sufficient.* Newly discovered evidence which tends merely to discredit or impeach an opposing witness is not ground for new trial.

*Bemis* v. *Horner*, 62 Ill. App. 38, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This was an action of assumpsit brought by R. J. Horner and Thomas J. Birkin, a firm known as R. J. Horner & Co., against Henry V. Bemis, on a promissory note dated June 2, 1891, for the sum of $5000, payable to the order of James W. Miller four months after date, and endorsed to the plaintiffs. To the declaration the defendant pleaded the general issue and six special pleas, but before the commencement of the trial he withdrew the plea of general issue and his last special plea.

The first special plea alleges that the note was not delivered to Miller, but was delivered to one Eugene de Mitkiewicz as an escrow only, to be delivered to Miller for use in the purchase for the defendant of certain stock in a proposed company in case the same should be organized, etc.; that the company was not organized and such stock was not purchased, and that the conditions upon which said escrow might be delivered as a promissory note were never fulfilled, etc., of all of which premises the plaintiffs, before and at the time of taking said note, had notice.

The second special plea alleges that the note was made without any consideration, and that it was not delivered to Miller or to any one as a note, but was exe-

cuted and placed in the hands of Mitkiewicz as an escrow, to be used in the purchase of stock, of which plaintiffs had notice.

The third plea alleges that the consideration has wholly failed, and that the note was made and delivered to Mitkiewicz for use in the purchase of stock for the defendant; that it was not used for that purpose and so the consideration for the note has wholly failed, of all of which plaintiffs had notice, etc.

The fourth special plea alleges that the note was delivered to Mitkiewicz to be held by him for the defendant and to be used by him for the defendant, upon condition that it was not to be delivered to Miller or any one, but was to remain in custody of Mitkiewicz until after the organization of a certain company, which has never been organized and never existed; that the note was to remain the property of defendant until the complete organization of said company, and then to be used only in the purchase of stock in said company for the defendant; that said company was never organized, and said note was not delivered to Miller or any one, but that Miller unlawfully and feloniously stole, took and carried away the said note.

The fifth special plea alleges that the note was made and placed in the hands of Mitkiewicz for certain purposes and to be delivered only upon certain conditions, and was never delivered to Miller or to any one as a promissory note, but was placed in the hands of Mitkiewicz as an escrow only, and that it was fraudulently diverted from the purposes for which it was placed in escrow, and the condition upon which it was to be used was never fulfilled, and that the note was fraudulently turned over to plaintiffs, and that plaintiffs gave no good and valuable consideration therefor.

To each plea the plaintiffs filed a separate replication, in which they denied notice of the facts set up in the plea, concluding to the country, upon which defend-

ant joined issue. On the trial the jury returned a verdict in favor of the plaintiffs for the amount of the note and interest, upon which the court entered judgment, which, on appeal, was affirmed in the Appellate Court.

JOSIAH BURNHAM, for appellant.

HOLLETT & TINSMAN, and JOHN S. COLLMAN, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The facts having been settled adversely to the defendant (appellant here) by the judgment of the Appellate Court, there are but two questions presented by the record for our consideration: First, whether the court erred in the instructions to the jury; and second, was the defendant entitled to a new trial on the ground of newly discovered evidence.

Two instructions were given which are claimed to be erroneous. They are as follows:

"If the jury believe, from the evidence, that the defendant made the note in question, then, under the issues in this case, the defendant assumes the burden of proving, by a preponderance of evidence, not only that the consideration of the note has wholly failed, as alleged in his plea, but also that the plaintiff had notice of the alleged failure of consideration at the time he purchased the note, if it appears from the evidence that he did purchase the note."

"The court instructs the jury that under the issues made up in this case the burden of proof is on the defendant, and he must make out his case by a preponderance of the evidence. If you find the evidence to be equally balanced you should find the issues for the plaintiff."

It will be observed that in the first, second and third pleas notice on the part of plaintiffs of the facts set up in the pleas is averred, and in the replications to all of the pleas the plaintiffs denied notice, concluding to the

country, and upon the replications defendant joined is-
sue.  Under the pleadings there was but one issue, and
that was, whether plaintiffs had notice of the defense
interposed by defendant when they purchased the note
upon which the action was brought.

Under the pleadings the inquiry is presented whether
the burden of proof rested on the plaintiffs or upon the
defendant.   When the defendant withdrew the general
issue and filed the five special pleas mentioned, he admit-
ted the case made by plaintiffs' declaration and under-
took to avoid liability by setting up new facts.   Among
the facts set up to defeat a recovery on the note was
the averment that plaintiffs, at the time they purchased
the note, had notice of the defense set up in the pleas.
This was an affirmative averment made by the defend-
ant, and under the issue the burden of proof was cast on
him.   It seems plain, therefore, that the last instruction
heretofore set out, to the effect that under the issues made
up the burden of proof was on the defendant, was correct.

It is, however, said, the facts set up in the pleas,
except on the question of notice, were not denied in the
replications, and hence they are to be regarded as ad-
mitted, and as the first instruction heretofore set out in-
formed the jury that the burden of proof was cast on the
defendant to prove not only notice, but that the consid-
eration of the note had failed, it was erroneous.   If the
question in regard to the burden of proof rested upon
the pleadings alone, we might be inclined to hold that
the instruction was erroneous.   But such is not the case.
After the defendant had withdrawn the general issue,
and before the trial began, he claimed the right to open
and close the case, and this right was accorded to him by
the court.   Under this ruling of the court the defendant
was permitted to introduce all of his evidence before the
plaintiffs introduced any of theirs.   The defendant, in
introducing his evidence, did not confine himself to the
question of notice, but, on the other hand, attempted to

prove all the facts averred and set up in his five pleas. After the defendant closed his evidence then the plaintiffs introduced their testimony, and in the argument to the jury the defendant opened and closed. Thus it appears the defendant asked for and assumed the burden on the trial of the cause, and after he has pursued this course he cannot complain that the court instructed the jury that the burden was upon him. He cannot complain of an error, if error it was, which arose from his own acts during the trial. We do not therefore regard the instructions erroneous.

The jury found, and their finding is fully sustained by the evidence, that the plaintiffs purchased the note before due, for a valuable consideration, without knowledge of any infirmity in the paper, and under the ruling in this State a purchaser under such circumstances is entitled to protection. This question was discussed in *Matson* v. *Alley*, 141 Ill. 284. It is there said (p. 287): "In *Comstock et al.* v. *Hannah*, 76 Ill. 530, we cited with approval the following: 'The party who takes it (commercial paper) before due, for a valuable consideration, without knowledge of any defects of title, and in good faith, holds it by a title valid against the world. Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or gross negligence on the part of the taker, at the time of the transfer, will not defeat his title. That result can only be produced by bad faith on his part. The burden of proof lies on the person who assails the right claimed by the party in possession.' We followed this ruling in *Shreeves* v. *Allen*, 79 Ill. 553, and *Murray* v. *Beckwith*, 81 id. 43."

In *Murray* v. *Beckwith*, 81 Ill. 43, it is said (p. 47): "When the maker of a negotiable instrument puts it in circulation, and it is negotiated before due, and passes into the hands of third parties for a valid consideration, the maker, who alone is responsible for the paper becoming an article of commerce, cannot be permitted to defeat

payment unless he can establish the fact that the holder purchased with notice. The sale and transferring of promissory notes enter largely into the commerce of the country, and public policy requires that an innocent pur- chaser should be protected."

In *Woodworth* v. *Huntoon*, 40 Ill. 131, it is said (p. 147): "The assignment of this note to Mary P. Huntoon was before its maturity. This raises the presumption, until it is rebutted, that she received it without notice and in the due course of business. It then devolves upon the party contesting the good faith of the transaction to show that she had notice of the usury, or of such cir- cumstances as would lead to notice, at the time she pur- chased." See, also, Tiedeman on Com. Paper, sec. 289.

It is next claimed that the court erred in overruling the motion for a new trial, based on newly discovered evidence. The affidavit upon which this motion was predicated was not filed and before the court, as required by the rules, when the motion was heard and decided in the circuit court, and upon this ground, alone, the judg- ment of the circuit court denying the motion might prop- erly be sustained. But if the affidavit had been properly before the court we do not regard it sufficient. Where the evidence sought to be obtained is merely cumulative the application should be denied. Upon an examination of the affidavit, in connection with the evidence intro- duced on the trial, it is apparent that the evidence relied upon is merely cumulative.

There is another fatal objection to the application. From an examination of the affidavit it seems plain that the principal object of the evidence sought to be obtained is to overthrow or impeach the testimony of the plaintiffs. The rule is well settled that when the new evidence tends merely to discredit or impeach another witness it will not satisfy the requirements of the law for a new trial.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*