## E. X. Leseure v. James K. P. Weaver.

1.  PROMISSORY NOTES—*Intrusted to the Custody of a Third Person, with Unfilled Blanks.*—Where a person executes a promissory note and intrusts it to the custody of another, with blanks not filled up, whether it is for the accommodation of the person to whom it is intrusted or is to be used for the benefit of the maker, such note carries with it on its face an implied authority to fill the blanks necessary to perfect it; and as between the maker of the note and an innocent third party, the person to whom it was intrusted must be deemed the agent of the party who intrusted it to him, in filling the blanks necessary to perfect it.

2.  SAME—*What is Not a Defense to a Note in the Hands of an Innocent Holder for Value Before Maturity and Without Notice.*—Where a person signs a promissory note and carelessly leaves the blank spaces where the rate per cent of interest and attorneys' fees can easily be inserted without defacing it or exciting the suspicion of ordinarily careful men, he becomes liable upon it to a party who purchases such note for a valuable consideration, before maturity, and without notice that the blanks were filled up after the maker had signed it.

**Assumpsit,** on a promissory note.    Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1901.    Reversed and remanded. Opinion filed December 10, 1901.

R. M. PEADRO and GEO. A. SENTEL, attorneys for appellant.

WHITAKER & THOMPSON, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

On January 31, 1899, appellant, E. X. Leseure, sued

appellee, James K. P. Weaver, in the Circuit Court of Moultrie County, in an action of assumpsit upon a promissory note and the written indorsement thereon. The note is as follows:

"CANTON, MISS., Feb. 7, 1896.

November 1st, 1898, after date, without grace, for value received, I promise to pay to the order of J. M. Tinsley, eighteen hundred and thirty-three 33-100 ($1,833.33) dollars with interest at the rate of 7 per cent per annum from Nov. 1st, 1896, until paid, and 10 per cent additional on amount of principal and interest unpaid for attorney's fees if placed in the hands of an attorney for collection.

JAMES K. P. WEAVER.

Payable at—"

And the indorsements written on the back thereof, are as follows:

"Pay Frank Lindley without recourse. J. M. TINSLEY."
"Payment guaranteed to E. X. Leseure and indorsed to him.                                                      F. LINDLEY."

The declaration contains a special count on the note and indorsements, and the common counts. Appellee pleaded the general issue, *non est factum* sworn to, as to the special count, and four special pleas, which in substance set up in bar of the action on the note, that it was executed by appellee on or about February 7, 1896, in furtherance of a written contract then made between appellee and the payee, Tinsley, in which Tinsley agreed to sell appellee 1,140 acres of land in Mississippi for $7,000, to be paid for by appellee conveying a house and three lots in Arthur, Illinois, at $1,000, and by giving Tinsley appellee's three notes, aggregating $6,000, one due November 1, 1897, one due November 1, 1898, and one due November 1, 1899; that when the notes were executed, by agreement between appellee and Tinsley, they and the written contract were left in possession of one Platt, who was an attorney in Canton, Mississippi, to remain with him until the deeds provided for in the contract were executed and delivered, and Platt notified by appellee to deliver the notes to Tinsley; that the deeds were never executed nor Platt notified

to deliver the notes to Tinsley, but that by fraud and misrepresentation, Tinsley procured possession of the contract and notes, one of which is the note in question in this case, and although Tinsley has since been requested by appellee to return the notes to him, he refused to do so; that the note sued on, when executed by appellee, did not provide for seven per cent interest or ten per cent attorney's fees, but that the figures "7" and "10" were written in the blank spaces where these figures appear in the note, without appellee's knowledge and without his consent, after he signed it; that appellant had notice of the fraud and misrepresentation by which Tinsley procured possession of said notes from Platt, and that the note sued on was without consideration. Appellant joined issue on the pleas of *non assumpsit* and *non est factum*, and traversed the special pleas, upon which appellee joined issue.

The issues presented by the pleadings were tried by jury and resulted in a verdict and judgment in favor of appellee, but on appeal to this court by appellant, the judgment was reversed, for reasons given in the opinion in 89 Ill. App. 628, and the case was remanded for a new trial. After being reinstated, it was again tried by jury in the Circuit Court, upon the same pleadings as before, and resulted in another verdict and judgment in favor of appellee.

Appellant moved for a new trial on the grounds, among others, that the verdict is not supported by the evidence; that the court, at the instance of appellee, admitted improper evidence and gave improper instructions over the objections of appellant, which being overruled, appellant excepted, and brings the case to this court again by appeal, and urges a reversal of the judgment upon the grounds, as he claims, among others, that the verdict is not supported by the evidence; that the court, at the instance of appellee and over objection of appellant, admitted improper evidence and gave improper instructions.

The evidence is undisputed that the note in question was executed by appellee in pursuance of a written contract

between him and the payee, Tinsley, made on or about February 7, 1896, in which Tinsley agreed to sell appellee 1,140 acres of land in Mississippi for $7,000, and appellee agreed to pay for it by conveying to Tinsley a house and three lots in Arthur, Illinois, valued at $1,000, and by giving him three notes, payable, one in November, 1897, one in November, 1898, and one in November, 1899, for the remaining $6,000, with interest at the rate of seven per cent from November 1, 1896. Appellee testified that the three notes were signed by him when the contract was made, and that blank spaces were left for the rate of interest and the rate per cent of attorney's fees, but whether appellee authorized any one to fill the blanks or not, does not appear.

After they were executed by appellee, the three notes and the contract were left by him in the possession of one Platt, an attorney practicing in Canton, Mississippi, to remain with him until the deeds provided for in the contract were executed and delivered in accordance with its terms, and then appellee would direct Platt to deliver them to Tinsley. The deeds were never executed, for some reason not disclosed by the evidence, nor did appellee inform Platt to deliver the note to Tinsley, but in some way, not disclosed by the evidence, Tinsley obtained possession of the notes, and afterward, when appellee saw him at Arthur, Illinois, in the fall of 1897, he demanded possession of the notes from Tinsley, but the latter refused to give them up, and on October 10, 1898, sold the one in question, and the one payable in 1898, to one Frank Lindley, an attorney and broker of Danville, Illinois, for $3,666.66, and indorsed and delivered them to him without recourse; and on October 14, 1898, Lindley sold the one in question to appellant for $1,833.30, and after assigning and guaranteeing the payment thereof, delivered it to him. Appellant lives in Danville, is a capitalist and buys notes sometimes; bought others from Lindley before purchasing the one in question; and neither he nor Lindley had any notice of how the note in question was obtained by Tinsley, or what the consideration given for it was, or of any of the defenses which appellee

had to the note.   Tinsley told Lindley when he offered to sell him the notes, that appellee gave them to him for Mississippi land which he purchased from him, and that appellee was financially responsible.   And Lindley, not then knowing Tinsley or appellee, made inquiry concerning the financial responsibilty of appellee and learning that he was responsible, bought the notes.   Appellant never knew Tinsley or appellee until after he purchased the note.   The evidence does not disclose when or by whom the blanks left in the note were filled as they were when the note was purchased by Lindley and appellant, and as appellee made only a general objection to the note when it was offered in evidence and the court overruled the objection, it will be presumed that the note bore no evidence of erasures or interlineations.   Merritt v. Boyden & Son, 191 Ill. 154.

At the request of appellee, and over the objection and exception of appellant, the court gave the jury two instructions as follows:

" 1.   Under the law of this State, where a note, after it has been executed and delivered, is changed in any material part by adding any new provision or changing any material promises contained in the original obligation, such note becomes absolutely void, not only in the hands of the original payee, but also in the hands of any subsequent purchaser.

" 2.   The court instructs the jury that it is their duty in determining the rights of the parties in this case to take into consideration all the facts and circumstances shown by the evidence, and if the jury believe, after a careful consideration of all the facts and circumstances introduced in evidence, that the plaintiff at the time he purchased the note in controversy was not an innocent purchaser for value, but that he acted in bad faith in the purchase of said note and with an intent to assist in defrauding the defendant, then and in that state of the proof, it would be the duty of the jury to find the issues for the defendant."

Counsel for appellee, in support of the verdict and judgment, insist that the note became void by reason of being changed after appellee executed and delivered it to Pratt, and for that reason the evidence supports the verdict and the court properly gave appellee's first instruction.

In that view, however, we can not concur, for as we understand it, "negotiable instruments are frequently delivered for use, with blanks not filled;" and with respect to such instruments, it is held, that where a party to such instrument intrusts it to the custody of another for use, with blanks not filled up, whether it be to accommodate the person to whom it was intrusted, or to be used for the benefit of the signer of the same, such negotiable instrument carries on its face an implied authority to fill the blanks necessary to perfect the same; and the rule is that, as between such party and an innocent third party, the person to whom the instrument was so intrusted, must be deemed the agent of the party who committed the instrument to his custody, in filling the blanks necessary to perfect the instrument. Angle v. Northwestern Mutual Life Ins. Co., 92 U. S. 340; Merritt v. Boyden & Son, 191 Ill. 136, and authorities therein cited and reviewed.

When appellee signed the note in question and carelessly left blank spaces where the rate per cent of interest and attorneys' fees could be easily inserted without defacing it or exciting the suspicion of a careful man, he became liable upon it to appellant, whom the undisputed evidence shows to have, in good faith, purchased it for value, before maturity, and without any notice whatever that such blanks were filled after appellee signed it. Merritt v. Boyden & Son, 191 Ill. 136.

The change in the note, under the circumstances shown by the evidence, did not render the note void in the hands of appellant, a *bona fide* holder of it for value before maturity and without notice of that change, because appellee himself, by his carelessness in leaving such blank spaces, made it possible for the alteration to be made without defacing the note, and he and not appellant should suffer the loss occasioned thereby. Merritt v. Boyden & Son, *supra.*

The court, therefore, improperly gave appellee's first instruction.

The court erred also in giving appellee's second instruc-

tion because there was no evidence of any bad faith shown on the part of appellant in purchasing the note, or that he was not in good faith a purchaser of it for value, or that he purchased the note with intent to assist in defrauding the defendant, and therefore there was no evidence to base the instruction upon.

After appellee admitted, when testifying, that he signed the note sued upon and left blank spaces in it, it was error for the court to permit him to further state over the objection of appellant that he received nothing for the note, for the reason that want or failure of consideration was no defense as against appellant, the holder in good faith for value before maturity, and without notice that the consideration for the note had failed or there was no consideration for it.   Smith v. Doty, 24 Ill. 164; Baldwin v. Killian, 63 Ill. 550.

For the errors indicated, we will reverse the judgment and remand the case to the Circuit Court of Moultrie County for a new trial.   Reversed and remanded.