SECOND DISTRICT—APRIL, 1910.        351

Northwestern Elevator & Grain Co. v. Smiley, 154 Ill. App. 351.

---

## Northwestern Elevator & Grain Company, Appellee, v. R. R. Smiley, Appellant.

### Gen. No. 5175.

1. INSTRUCTIONS—*what complaints cannot be made if court by consent has instructed orally.* Where parties consent that the court instruct orally they cannot assign as error the failure of the court to give some instructions not asked which would have been proper and which if asked it would have been error to refuse.

2. NEW TRIAL—*when newly discovered evidence does not justify.* Newly discovered evidence does not justify the award of a new trial if such evidence is cumulative in character, is of an impeaching character or might have been obtained at the trial by the exercise of diligence and if it does not appear likely that its introduction would have produced a different result.

Assumpsit. Appeal from the Circuit Court of Warren county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909. Rehearing denied April 19, 1910. *Certiorari* denied by Supreme Court (making opinion final).

L. H. HANNA and BROWN & SOULE, for appellant.

HANLEY & COX, and JACK, IRWIN, JACK & MILES, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was a suit in assumpsit brought by appellee against appellant to recover damages claimed to have been sustained by reason of appellant's failure to deliver corn sold to appellee. There was a trial and a verdict and a judgment for appellee for $3,450, which was the difference between the contract price of the corn and the market price at Little York, on May 9, 1908. A motion for a new trial was overruled, and the defendant below appealed.

Appellant admits that on February 10, 1908, he sold appellee, through its agent, Shughart, 20,000 bushels of corn which he had on his farm near Little York, at 49 cents per bushel, to be delivered, as he contends, at appellee's elevator in Little York as soon thereafter before March 1 as the condition of the roads would permit; and claims that if it could not be delivered by that time, he was to be relieved from the contract, and that the roads were not fit for delivery before the first of March, but were fit from March 30, to the first of May. Appellee contends that the corn was to be delivered as soon as the condition of the roads would permit.

The evidence upon these disputed facts is conflicting, preponderating apparently in favor of appellee, and we shall not disturb the conclusions of the jury thereon, bearing the approval of the trial judge.

Appellee's proof tended to show that appellant came to Little York on March 20 and April 7, and again on May 2, and perhaps on some other dates before May 9, and that he said that he had not been able to deliver the corn, and would have to have some further time; but that he would deliver it; and that on May 9, he declared that the contract was ended; that he had legal advice that he was not required to deliver, and that he would not deliver.

By agreement of the parties the court instructed the jury orally. Among other things the court instructed the jury that if they believed that the contract had been proved as contended for by appellee, which

contention was stated to the jury by the court, and if there was a breach of the same on May 9, by the refusal of appellee to be further bound thereby, then the measure of damages which plaintiff would be entitled to recover was the difference between 49 cents per bushel and the market price per bushel at Little York on May 9, with interest thereon from that date to the date of the verdict at five per cent per annum. As it is not argued that there was error in this reference to interest, there is no question to be considered concerning it. Appellant makes a number of objections to the instruction, contending among other things that it was error to refer to the 9th of May as the date when the jury might find a breach of the contract because there is evidence tending to show that the condition of the road was such that the corn could have been delivered on March 20, and that there is no evidence that it could not have been delivered at various other times after March 20. Appellee's proof was such that it was entitled to an instruction telling the jury that if they found a breach on May 9, that would be the date for fixing the damages; and if written instructions had been asked, and such an instruction offered, it must have been given. Appellee may also have been entitled to an instruction telling the jury that if they believed that the state of the roads was such on March 20, that the grain could have been delivered, and there was no arrangement or request by appellant for further delay, that the contract was then broken, and the damage should be fixed as of that date. Appellant also introduced evidence, that on March 20, he told Shughart, appellee's agent, that he considered the contract at an end; and appellant would have been entitled to an instruction fixing the damages as of that date if the jury believed that appellant did on that date so repudiate the contract. Appellant did not call the attention of the court to its failure to instruct on certain features of appellant's proof, nor request further instructions,

354    APPELLATE COURTS OF ILLINOIS.

Northwestern Elevator & Grain Co. v. Smiley, 154 Ill. App. 351.

nor has he assigned as error that the court failed to give certain proper instructions.

It cannot be the law that where parties consent that the court instruct orally, either party can assign as error the failure of the court to give some instructions not asked which would have been proper, and which, if asked, it would have been error to refuse. To so hold would make oral instructions a trap for the court. The court might fail to instruct on the method of determining the weight to be given to testimony, on the effect of impeachment by contradiction, or on some other principle, but that would not be ground for reversal unless the court refused, when requested, to give such instructions, and that refusal was assigned as error. Here the main question litigated was whether appellant sold the corn to be delivered when the roads were fit, or only sold the corn in case the roads were in such shape that he could deliver it before March 1. There was a strong preponderance of evidence that appellant, after March 1, several times said that he was going to deliver the corn, but must have time; and that the final breach occurred because appellant demanded a percentage for the supposed shrinkage of the corn during the delay, which appellee would not concede. The instruction was correct as far as it went, and we are of the opinion that although it was not complete and did not cover every phase of the proof, a reversal is not justified because the trial judge did not instruct on every possible phase of the case which appellant's testimony tended to establish. We consider that in disposing of this objection to the instruction, all others are answered.

In support of the motion for a new trial on the ground of newly discovered evidence, appellant produced his own, and the affidavits of Andrew Anderson, John Floyd, A. D. Unckles, Henry J. Peterson, Ruth Kerr Smiley and Donald Warwick Smiley. Appellant's affidavit refers to an entry in a book in which he says he reduced the contract to writing at the time

Second District—April, 1910.     355

Northwestern Elevator & Grain Co. v. Smiley, 154 Ill. App. 351.

it was made, and that he was unable to find the entry at the time of the trial because it was raining when it was made, and the pages of the book stuck- together; that said entry was as follows:

"Feby 10 08 sold Shughart 20000 bu corn to be delivered by Mch 1 '08 provided roads are fit at 49¢ Get blankets and keep dry."

The affidavit also states that Shughart was at appellant's house, measured the corn and put the measurements down in a book; that Shughart called appellant over the telephone February 29, and inquired what disposition appellant was going to make of the corn, and that appellant did not answer the phone because he was too sick; that Shughart told Andrew Anderson that the corn was to be delivered by the first of March, provided the roads were so it could be delivered; that S. C. Bartlett, a member of the appellee company, in reply to a remark of Henry J. Peterson, that the roads were so bad that appellant could not haul the corn in February, said that they were always willing to extend the time; that in the summer of 1908, Shughart had a conversation with one William Paine in the bank at Little York, which was overheard by the cashier, in which Paine offered to bet a dollar that appellee would lose its case against appellant, and Shughart said, "If I knew what Wray would swear to I wouldn't be afraid to bet you;" that appellant had a conversation with Abe Haynes who was near when certain conversation was had between Shughart and appellant regarding the sale of the corn, in which Haynes said that appellant then told Shughart that he wanted the corn off before the farming season commenced. The affidavits of Anderson, Floyd, Unckles and Peterson, were as to the admissions of Shughart and Bartlett referred to in appellant's affidavit. The affidavit of Ruth Kerr Smiley was to the effect that Shughart was on appellant's farm February 8, 1908, measuring the corn crib and making a memorandum; that afterwards

356 APPELLATE COURTS OF ILLINOIS.

Northwestern Elevator & Grain Co. v. Smiley, 154 Ill. App. 351.

Shughart was in the cellar; that on February 29, Shughart called appellant over the telephone while appellant was sick in bed and that appellant did not answer the phone. The affidavit of Donald Warwick Smiley was to the effect that Shughart was on appellant's farm February 8, 1908, measuring the corn crib and making a memorandum in a book; that afterwards he found Shughart and appellant in the furnace room.

A new trial will not be granted on the ground of newly discovered evidence which is merely cumulative, and which is not decisive; or, when there has been a want of proper diligence to procure the evidence on the trial. The nature of the newly discovered evidence in such cases should be of a kind or quality, as, when considered with all the other evidence, would probably have resulted in a different verdict had it been produced on the trial. Harter v. The People, 204 Ill. 158. The rule is well settled that when the new evidence tends merely to discredit or impeach another witness it will not satisfy the requirements of the law for a new trial. Bemis v. Horner, 165 Ill. 347. No reason is given why Ruth Kerr Smiley and Donald Warwick Smiley, the infant children of appellant, were not produced upon the trial, and the entry in the book, upon which great stress is laid, can be as readily construed against appellant as for him, as it contains no suggestion that there was to be no sale if he could not deliver March 1. The entry was peculiarly within appellant's own knowledge, but he did not testify in regard to making it at the trial, nor did he lay the foundation for the introduction of secondary evidence as to its purport.

In our opinion the alleged newly discovered evidence set forth in the affidavits is not decisive of the issues, raises no new points, tends only to impeachment, is merely cumulative, and by the exercise of proper diligence might have been produced upon the trial. We believe it is not within the rule of what newly dis-

covered evidence must be in order to warrant the court in granting a new trial thereon.

There being no reversible error in the record, the judgment is affirmed.

*Affirmed.*