Belmont-Central Exchange, Inc., Appellant, v. M. Jacobs, Trading as Ashland-Irving Currency Exchange, Appellee.

Gen. No. 42,776.

Heard in the third division of this court for the first district at the October term, 1943. Opinion filed April 26, 1944.

C. C. H. ZILLMAN, of Chicago, for appellant.

JOHN P. DUGGAN, of Chicago, for appellee.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

Belmont-Central Exchange, a corporation, filed its statement of claim in the municipal court against M. Jacobs, doing business as Ashland-Irving Currency Exchange, on a money order or check for $52.25. The trial before the court resulted in a finding and judgment for the defendant. Plaintiff appealed.

Both parties are engaged in Chicago in the business of a currency exchange, which consists in issuing and cashing money orders or checks. Defendant on September 30, 1942, drew a money order or check for $52.25 payable to the order of Pvt. Raymond Rybarczyk, on the Milwaukee Avenue National Bank of Chicago. The money order was purchased from defendant by H. Robertson. This instrument, on or about October 10, 1942, bearing on its back in writing the names "Pvt.

Raymond Rybarczyk," and "Jack Thompson," was presented to plaintiff by a man who identified himself to the cashier as Jack Thompson, one of the purported indorsers. Plaintiff paid him the money called for minus a small charge for the service. Before the money order reached the Milwaukee Avenue National Bank of Chicago, on which it was drawn, defendant notified that bank not to pay it. The bank accordingly refused payment and stamped "payment stopped" on its face and "canceled" on its back, on October 14, 1942, the day the check reached the bank. The amount of the money order remaining unpaid, plaintiff sued defendant, the drawer of the paper. Plaintiff's statement of claim alleges that the money order was drawn by defendant payable to the order of Pvt. Raymond Rybarczyk, was indorsed by the payee, and thereafter came into the hands of plaintiff as a holder in due course; that payment thereof was stopped by defendant; and that at the time said instrument was negotiated to plaintiff it had no notice of any infirmity in the instrument or of any defect in the title of the person negotiating it to the plaintiff. On the trial the instrument was introduced in evidence on behalf of plaintiff. Plaintiff also called C. H. Collins, a clerk in its employ, who testified that when the instrument was presented for payment it bore the indorsements "Pvt. Raymond Rybarczyk," and "Jack Thompson"; that the person presenting it identified himself to the witness as the indorsee Jack Thompson; and that at the time he cashed the money order he had no notice of any defect in the title of Jack Thompson or of anyone else. Defendant filed successively three answers. In the first, defendant admitted that he issued the money order and for a valuable consideration; that in pursuance of advice from the purchaser of the instrument, H. Robertson, defendant asked the Milwaukee Avenue National Bank of Chicago, on which the instrument was drawn, to stop pay-

ment of it, and that the bank accordingly refused payment. In the second paragraph of the same answer defendant stated that plaintiff did not acquire good title. Defendant in its answer also alleged ''that there is nothing in plaintiff's statement of claim to indicate that the indorsers Raymond Rybarczyk and Jack Thompson indorsed the check.'' It will be observed that there is in this answer no denial of plaintiff's charge that Raymond Rybarczyk, the payee, indorsed the instrument, and that plaintiff's verified statement of claim contains the positive charge that Rybarczyk, the payee, indorsed the instrument. In its first amended answer defendant affirms that the money order was issued by him in the course of his business as operator of a currency exchange; that he stopped payment on advice from the purchaser, H. Robertson; that the check was stolen from the mails between an army camp in Georgia and Chicago; that he examined the check; that the signature on the back of the check is not the same as that in an affidavit stated to have been made by the payee; that he is of the belief, after examining the affidavit, that the payee did not sign or authorize any person to sign his name ''to the check covered by said affidavit''; that to the best of his knowledge and belief the check was stolen; that none of the indorsements is genuine; that the plaintiff did not take the instrument in good faith for value. There is no positive denial in the amended answer that the payee Rybarczyk indorsed the instrument. In its second amended answer, defendant admits issuing the instrument, states that it is a valid negotiable instrument and subject to the law governing such instruments; that he is ''unable positively to deny or affirm that the signature on the check when negotiated for payment is that of Raymond Rybarczyk''; admits that the signature of payee is beyond his actual knowledge, but has reason to believe that the check was not indorsed by Rybarczyk to whom it was made payable;

and avers that plaintiff is not a holder in due course and that the burden of proof that plaintiff is a holder in due course is on plaintiff. It will be observed, again, that there is no denial in the second amended answer that the payee indorsed the check as alleged by plaintiff in his statement of claim.

Defendant interposed two defenses, namely, that plaintiff did not acquire title to the instrument in good faith, and that the indorsement of the payee "Pvt. Raymond Rybarczyk," is a forgery. It is the theory of plaintiff that it is a holder in due course of the money order under authority of section 72 of the Negotiable Instruments Act of Illinois [Jones Ill. Stats. Ann. 89.072]. By section 79 of the same act [Jones Ill. Stats. Ann. 89.079] every holder is deemed *prima facie* to be a holder in due course until it is shown that the title of the person who negotiated to the holder was defective.

We agree with plaintiff that, in a case where the party sued was already bound before the alleged defective title was acquired, the presumption of holder in due course continues and the burden of proof that the holder is not a holder in due course is on the defendant. Although the case was pending over four months no attempt was made by defendant to procure the deposition of the payee Raymond Rybarczyk who was a private in the army in Georgia or Florida. In the meantime, defendant, according to his answers, obtained two affidavits on the subject. Under section 72 of the Negotiable Instruments Act of Illinois, plaintiff was a holder in due course because (1) the instrument was complete and regular on its face, (2) it became the owner before the instrument was overdue and without notice that it had been previously dishonored, (3) it took it in good faith and for value, (4) at the time it was negotiated the plaintiff had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. Defendant became bound on his

own money order before the name of the payee could have been forged on its back. Section 79 of the Negotiable Instruments Act declares that in certain cases when it has been shown that the title of any negotiant was defective the holder will be required to show that he or some person under whom he claims acquired the title as a holder in due course. The end of section 79 reads, "but the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

The *prima facie* case of holder in due course remained with the plaintiff notwithstanding the plea of forgery, and the defendant was required to prove the defense of forgery set up by him by proper and competent evidence. The defendant did not introduce any evidence of forgery. *Woodlawn Trust & Savings Bank v. Donaho*, 239 Ill. App. 158; *Comstock v. Hannah*, 76 Ill. 530; *Shreeves v. Allen*, 79 Ill. 553.

From the defendant's pleading and from his brief, it appears that the payee actually received the check while in camp near Macon, Georgia, and that he mailed it back to Chicago. The record is silent as to what happened to the check after it arrived in Chicago. The defendant offered no proof to show the truth of his claim that the indorsement of the payee was a forgery or that the plaintiff's title was defective.

The judgment of the municipal court is reversed and the cause remanded with directions to enter judgment for the plaintiff and against the defendant for $52.25 and costs.

*Reversed and remanded.*

Burke and Kiley, JJ., concur.